1  JACQUELINE DESOUZA, State Bar No.:133686
   DESOUZA LAW OFFICES, a professional corporation
2  1615 Hopkins Street
   Berkeley, CA 94707
3  Tel/Fax:    (510) 649-3420

4  Attorneys for Defendants
   Apparent Inc; Apparent Energy Inc;
5  Apparent Solar Inc; Xslent Energy Technologies, LLC
   Apparent Solar Investments (II), LLC (erroneously sued herein
6  as Apparent Solar Investments, LLC)

7

8              IN THE UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 AI-DAIWA, LTD                          Case No. CV 13-04156 **(YGR)**

11        Plaintiff,

12     vs.                                DECLARATION OF JACQUELINE
                                          DESOUZA RELATING TO IMPROPER
13 APPARENT, INC., a Delaware corporation; SERVICE AS TO XSLENT, LLC
   APPARENT ENERGY, INC., a Delaware      FEDERAL RULES OF CIVIL
14 corporation; APPARENT SOLAR, INC., a   PROCEDURE, RULES 12(b)(4)
   Delaware Corporation; APPARENT SOLAR
15 INVESTMENTS, LLC, a Hawaii limited
   liability company; XSLENT, LLC, a Delaware  Dept: Courtroom E, 2nd Floor
16 limited liability company; XSLENT ENERGY
   TECHNOLOGIES, LLC, a Delaware limited  Complaint filed: September 9, 2013
17 liability company; and DOES 1-10 inclusive,  First Amended Complaint filed: October 8,
                                          2013
18        Defendants.
                                       /
19

20

21

22 I, Jacqueline deSouza, declare as follows:

23    I am an attorney at law, licensed to practice before the Courts of this State and before this District

24 Court. I am a member of Desouza Law Offices, PC attorneys of record for Apparent Inc., Apparent

25 Energy Inc., Apparent Solar Inc., Xslent Energy Technologies, LLC, and Apparent Solar Investments

26 (II), LLC erroneously sued herein as Apparent Solar Investments, LLC. I make this declaration based

27 upon my personal knowledge and if called as a witness could and would so testify.

28

DECLARATION OF JACQUELINE DESOUZA RELATING TO IMPROPER SERVICE UPON XSLENT, LLC
Page 1 of 2

1. On October 9, 2013, before any attempt to effect service was made, I wrote to Plaintiff's counsel to advise that neither Desouza Law Offices, PC nor I represented Xslent, LLC or was its agent. Attached hereto and incorporated herein by reference as Exhibit A is a true and correct copy of this letter.

2. On October 16th, Plaintiff's counsel caused to have delivered to Desouza Law Offices, PC offices copies of pleadings including a first amended complaint directed to Xslent, LLC. On October 17th, I wrote to Plaintiff's counsel again advising of the lack of agency and improper service. Attached hereto and incorporated herein by reference as Exhibit B is a true and correct copy of this letter.

3. On October 26th, I followed up with Plaintiff's counsel about the lack of proper service. Attached hereto and incorporated herein by reference as Exhibit C is a true and correct copy of this email exchange.

4. I did not receive a response from Plaintiff's counsel to any attempt to clarify representation or agency.

5. Neither Desouza Law Offices nor I represent Xslent, LLC, or been an officer, manager, or member of Xslent, LLC. Neither Desouza Law Offices nor I have been registered or named as an agent for service by Xslent, LLC. I am unaware of the entity or person who is authorized to accept service for Xslent, LLC.

I declare under penalty of perjury, under the Laws of the United States and this State that the forgoing is true and correct. Executed in Berkeley, California, on October 30, 2013.

/s/Jacqueline deSouza

Jacqueline deSouza

**EXHIBIT A**



1615 Hopkins Street
Berkeley, CA 94707
Tel/Fax: 510.649.3420
www.dlawcorp.com

Jacqueline deSouza
jdesouza@dlawcorp.com

October 9, 2013

Brock R. Lyle
Ropers, Majeski et al
1001 Marshall Street #500
Redwood City, CA 94063

Re:  AI-Daiwa Ltd v. Apparent Inc et al
     USDC Case No.: 13-04156

Dear Mr. Lyle:

Pursuant to the terms of the Customer Supply Chain Agreement entered into by Apparent and AI, we request that you dismiss the present action and submit this dispute to mediation. We propose mediating with Roberta Hayashi a partner with Berliner Cohen.

With regard to the complaint, we request that AI-Daiwa dismiss the claims against all entities but Apparent, Inc. Apparent is the parent company of Apparent Energy Inc., Apparent Solar Inc., and Xslent Energy Technologies, LLC. Apparent Solar and Xslent Energy Technologies were not parties to or involved with the Customer Supply Chain Agreement and Apparent Energy assigned the agreement to Apparent Inc.

We believe you have incorrectly named Apparent Solar Investments (I), LLC as "Apparent Solar Investments, LLC" and request that you also dismiss it. It has no involvement with the Customer Supply Chain Agreement. If you do elect to pursue claims against it, our office will accept service. We do not represent Xslent LLC.

Very truly yours,

Jacqueline deSouza

Case3:13-cv-04156-VC Document21 Filed10/30/13

**EXHIBIT B**



1615 Hopkins Street
Berkeley, CA 94707
Tel/Fax: 510.649.3420
www.dlawcorp.com

Jacqueline deSouza
jdesouza@dlawcorp.com

October 17, 2013

Brock R. Lyle
Ropers, Majeski et al
1001 Marshall Street #500
Redwood City, CA 94063

Re: AI-Daiwa Ltd v. Apparent Inc et al
USDC Case No.: 13-04156

Dear Mr. Lyle:

Enclosed is a second copy of my October 9th letter requesting that AI-Daiwa engage in mediation as required by its Customer Supply Chain Agreement. In lieu of a response to that letter, we received additional copies of the first amended complaint ostensibly for Apparent Inc., Apparent Energy Inc, Apparent Solar Inc., Xslent LLC, and "Apparent Solar Investment, LLC."

Pursuant to the October 9th letter, we advised that our office does not represent Xslent LLC. Please note that we are not agents for service for Xslent LLC either. We again request that AI-Daiwa dismiss claims against entities that are not involved in the Customer Supply Chain agreement, specifically Apparent Energy Inc and Apparent Solar Inc. We have asked for clarification as to the entity named "Apparent Solar Investments, LLC" in the complaint as we are not aware of such an entity. We advised that we believe you had misnamed Apparent Solar Investments (I), LLC, urged you to dismiss it, and offered to accept service for that entity. We do not represent Apparent Solar Investments, LLC a Hawaii limited liability company.

Please do not hesitate to contact me if you have any questions about the content of this letter.

Very truly yours,

Jacqueline deSouza

{00003961.DOCX}



1615 Hopkins Street
Berkeley, CA 94707
Tel/Fax: 510.649.3420
www.dlawcorp.com

Jacqueline deSouza
jdesouza@dlawcorp.com

October 9, 2013

Brock R. Lyle
Ropers, Majeski et al
1001 Marshall Street #500
Redwood City, CA 94063

Re: <u>AI-Daiwa Ltd v. Apparent Inc et al</u>
    USDC Case No.: 13-04156

Dear Mr. Lyle:

Pursuant to the terms of the Customer Supply Chain Agreement entered into by Apparent and AI, we request that you dismiss the present action and submit this dispute to mediation. We propose mediating with Roberta Hayashi a partner with Berliner Cohen.

With regard to the complaint, we request that AI-Daiwa dismiss the claims against all entities but Apparent, Inc. Apparent is the parent company of Apparent Energy Inc., Apparent Solar Inc., and Xslent Energy Technologies, LLC. Apparent Solar and Xslent Energy Technologies were not parties to or involved with the Customer Supply Chain Agreement and Apparent Energy assigned the agreement to Apparent Inc.

We believe you have incorrectly named Apparent Solar Investments (I), LLC as "Apparent Solar Investments, LLC" and request that you also dismiss it. It has no involvement with the Customer Supply Chain Agreement. If you do elect to pursue claims against it, our office will accept service. We do not represent Xslent LLC.

Very truly yours,

Jacqueline deSouza

**EXHIBIT C**

## Jacqueline deSouza

**From:** Lyle, Brock R. [BLyle@rmkb.com]
**Sent:** Monday, October 28, 2013 6:26 PM
**To:** Jacqueline deSouza
**Cc:** Andara, Lael D.; Kanach, Michael; Riedell, Roxana
**Subject:** RE: AI-Daiwa v. Apparent et al

Jacqueline,

If we were having this discussion two weeks ago, our response would likely be different. However, stipulating to a reset of the opposition and reply dates after the opposition has been filed essentially benefits only you. Further, it was not our obligation to call or email you to correct your erroneous re-notice. Since we would have to file (and bill our client for filing) a second opposition and would give you additional time to draft a reply, the prejudice of agreeing to this stipulation is likely to outweigh the benefit to us. Consequently, we again respectfully decline.

We are still working on redline revisions to the protective order and waiting to hear back from our clients regarding potential mediation dates.

Thanks,

Brock

---

**From:** Jacqueline deSouza [mailto:jdesouza@dlawcorp.com]
**Sent:** Saturday, October 26, 2013 2:54 PM
**To:** Lyle, Brock R.
**Cc:** Andara, Lael D.; Kanach, Michael; Riedell, Roxana
**Subject:** RE: AI-Daiwa v. Apparent et al

Dear Brock,

As a clarification, the proposed stipulation was to set the opposition and reply dates from the re-noticed motion, not to continue the hearing date. The re-notice was done in error, which could have been promptly corrected by a call or email from your office instead of filing an opposition (just as the omission of another copy of the contract was corrected). Given that, I wish that you would re-consider.

In addition, your office filed a notice of completed service on Xslent LLC and Apparent Solar Investment, LLC. A packet of the first amended pleadings was delivered to our office, but I have on more than one occasion advised that our office is not agent for Xslent LLC and that there is no entity "Apparent Solar Investment LLC." Rather, than require us to move to quash the notice of service, we request that you withdraw it.

In addition, I look forward to your response to the proposed protective order.

Best-
Jacqueline

---

**From:** Lyle, Brock R. [mailto:BLyle@rmkb.com]
**Sent:** Friday, October 25, 2013 5:33 PM

1

**To:** Jacqueline deSouza
**Cc:** Andara, Lael D.; Kanach, Michael; Riedell, Roxana
**Subject:** RE: AI-Daiwa v. Apparent et al

Hi Jacqueline,

Thank you for your email yesterday proposing a stipulation to continue the hearing date. However, given that we received your proposed stipulation one day after we filed our Opposition to your Motion, it is too little too late. The Court's reassignment Order (Docket No. 11) made it clear that the briefing schedule was not altered by your re-noticing the Motion, citing Civil L.R. 7-7(d). Since you informed us in writing on October 21, 2013 – two days before our Opposition was due – that you were going to re-file your Motion as opposed to simply re-noticing it, we had no reason to discuss proposed stipulations at that time.

AI-Daiwa has already filed its opposition, and should not be expected to file another opposition due to your firm's failure to (1) properly follow the Local Rules and provide our office with an entire, unredacted copy of the alleged agreement in a timely manner, and (2) re-file the Motion as you indicated, which would have re-set the briefing schedule.

With respect to your suggestion that we use the Northern District's model Protective Order for this matter, we are generally agreeable. We will review the version you emailed to us and send you a redline version to the extent we recommend any changes. In addition, we are still waiting to hear back from our clients regarding potential blocks of time during which they would be available for mediation.

As a final note, we would appreciate it if all future email correspondence regarding this matter could be sent to the following individuals:
- Lael Andara: landara@rmkb.com
- Brock Lyle: blyle@rmkb.com
- Michael Kanach: mkanach@rmkb.com
- Roxana Riedell: rriedell@rmkb.com

Thank you, and have a good weekend.

Brock

**Brock R. Lyle**
**Ropers Majeski Kohn & Bentley PC**
Partner
1001 Marshall Street, Suite 500 • Redwood City • CA • 94063-2052
☎ Office: (650) 364-8200 ☎ Direct: (650) 780-1647
🖷 Fax: (650) 780-1701 ✉ Email: blyle@rmkb.com
Web Site: www.rmkb.com • My Profile



San Francisco • Redwood City • San Jose • Los Angeles • New York • Boston

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

**From:** Jacqueline deSouza [mailto:jdesouza@dlawcorp.com]
**Sent:** Friday, October 25, 2013 4:22 PM
**To:** Lyle, Brock R.
**Subject:** AI-Daiwa v. Apparent et al

Brock,
I wrote to you earlier this week proposing a stipulation to reset the opposition and response dates for the motion to dismiss and proposing a protective order. It seems that the stipulation to reset dates will allow your office to respond to the motion, which is what you assert being unable to do, and so in the interests of moving the case forward. Let me know what your position is on these stipulations as I need to respond next week to the Court.

Thanks
Jacqueline



1615 Hopkins Street
Berkeley, CA 94707-2712
Dir:   510.550.0010
Tel:   510.649.3420 ext. 2
Fax:  510.649.3420
www.dlawcorp.com


******

NOTICE: This email is intended for the sole use of the recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege or work product protection. Any unauthorized review or use of this email is prohibited. If you are not the intended recipient of this email, please contact the sender by reply email and destroy all copies of the original message.

Thank you.