JACQUELINE DESOUZA, State Bar No.:133686
DESOUZA LAW OFFICES, a professional corporation
1615 Hopkins Street
Berkeley, CA 94707
Tel/Fax:      (510) 649-3420

Attorneys for Defendants
Apparent Inc; Apparent Energy Inc;
Apparent Solar Inc; Xslent Energy Technologies, LLC
Apparent Solar Investments (II), LLC (erroneously sued herein as Apparent Solar Investments, LLC)

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AI-DAIWA, LTD<br><br>           Plaintiff,<br><br>      vs.<br><br>APPARENT, INC., a Delaware corporation; APPARENT ENERGY, INC., a Delaware corporation; APPARENT SOLAR, INC., a Delaware Corporation; APPARENT SOLAR INVESTMENTS, LLC, a Hawaii limited liability company; XSLENT, LLC, a Delaware limited liability company; XSLENT ENERGY TECHNOLOGIES, LLC, a Delaware limited liability company; and DOES 1-10 inclusive,<br><br>           Defendants.<br>_____/ | Case No. CV 13-04156 **(YGR)**<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(b)(3); 12(b)(6)<br><br>Date: February 25, 2014<br>Time: 2:00 p.m.<br>Dept: Courtroom E, 2nd Floor<br><br>Complaint filed: September 9, 2013<br>First Amended Complaint filed: October 8, 2013 |

**I.      INTRODUCTION**

Plaintiff AI-Daiwa Ltd concedes that its performance of the purchase order is governed by the terms of the Customer Supply Chain Agreement entered into by a member of AI-Daiwa ("Advanced Innovations" or AI) and Apparent Inc. It argues, however, that substantive provisions relating to enforcement of AI-Daiwa's performance, venue or choice of law, do not apply. Even if AI-Daiwa's argument is adopted, Apparent's Motion to Dismiss should be granted as the FAC attempts to state causes of action based on invoices rather than the Customer Supply Chain Agreement that AI-Daiwa concedes governs its performance.  The FAC fails to state a cause of action against any defendant.

Setting aside the venue provision, the Motion should be granted as AI-Daiwa's claims are premised on its invoices and not the Contract that it admits governs its performance.

## LEGAL ARGUMENT

### 1.  Plaintiff's FAC Fails To State A Cause Of Action Against Any Defendant

In its moving papers, Apparent established that the FAC fails to state a cause of action because it attempts to state claims based on AI-Daiwa's invoices and not on the Contract.[1]  In its opposition, AI-Daiwa admits that its performance of Apparent's order is governed by the Contract.  (Docket no.31 at 3:26-27.) AI-Daiwa's failure to identify the Contract and to identify what parts of that Contract were misrepresented or breached renders its claims legally defective.

Specifically, the FAC alleges that AI-Daiwa produced specific quantity of products for which it is entitled to payment; that Apparent failed to timely notify it of defective units; and, that Apparent has failed to issue payment and is now liable for increased interest charges. (RFJN no. 5 at ¶¶9-12.) These allegations are premised on the manufacture, quality, returns, warranty, and right to payment all of which relate to AI-Daiwa's performance of the order; and, which according to AI-Daiwa's admission, are governed by the Contract not invoices that include contrary terms.  For example, the FAC alleges that the invoices contain an interest charge and a requirement that defective products must be identified within 7 days following delivery. (RFJN Docket No. 5, ¶5.) The purchase order, however, <u>expressly</u> specified that the payment was "Per Contract" and that a 24 month warranty applied to the goods shipped. (See, RFJN Docket no. 5, Exhibit B.) The Contract specified that the invoices do not supersede the Contract (Declaration deSouza Exhibit A at paragraph 19 p.11).  And, the Contract contains provisions relating to modification of orders, obligations for materials, and other terms relating to the performance of the order. (Declaration deSouza Exhibit A at paragraph 19 p.4.) As AI-Daiwa concedes, its performance and right to payment is governed by the Contract. Thus, the

---

[1] The applicable law in this case is the United Nations Convention on Contracts for the International Sale of Goods ("CISG," April 11, 1980 S. Treaty Doc.No.98-9 (1983), U.N. Doc.No.A/CONF.97/19 (1981); 15 U.S.C.S.app.), as a sale of goods between parties of two states. Where the CISG does not address an issue, California Uniform Commercial Code applies. *Chateau Des Charmes Wines Ltd v. Sabate SA,* 328 F.3d at 530 (9th Cir 2003); see also, *Asante Technologies, Inc v. PMC-Sierra, Inc* 164 F.Supp.2d 1142 (9th Cir.2001); *Hebberd-Kulow Enterprises, Inc v. Kelomar Inc* 218 Cal.App.4th 272, (2013).) Plaintiff's reliance on the California Civil Code and common law to interpret the Addendum and Contract is misplaced.

1  causes of action in the FAC premised on the terms of invoices that are at variance from the Contract
2  do not state legally cognizable causes of action.

3     **2.   The Scope of the Addendum Applies to Enforcement of AI-Daiwa's Performance.**

4     The Plaintiff's opposition, for the most part, argued that the Addendum did not extend the
5  Contract's enforcement provisions to AI-Daiwa's performance. A review of the agreements and
6  conduct of the parties warrants a different conclusion.

7     The Addendum was entered into pursuant to the terms of the Contract. (Declaration deSouza
8  Exhibit C.) The Addendum specifies that "AI-Daiwa agrees to the bound by the terms of the
9  Agreement for all purposes applicable for the performance of the July 7, 2011 Purchase Order. No
10 rights other than as specified in the Agreement for the performance of the July 7, 2011 Purchase Order
11 are conferred upon AI-Daiwa by this Addendum." While Plaintiff would seek to characterize
12 'performance' as narrowly as possible, there is nothing in the Addendum that suggests the parties
13 intended anything other than to have the purchase order assigned to AI-Daiwa and have AI-Daiwa's
14 performance of that purchase order governed by the terms of the Contract.  Nothing in the Addendum
15 limits the application of any term of the Contract as it applies to AI-Daiwa's performance – including,
16 as applicable here, enforcement of AI-Daiwa's performance. Plaintiff argues that the indemnity
17 (Declaration deSouza Exhibit C ¶3) and the non-superseding clause (Declaration deSouza Exhibit C
18 ¶4) of the Addendum somehow modify the Contract's application to AI-Daiwa's performance. In fact,
19 the indemnity provision adds to the Contract the requirement that Advanced Innovations indemnify
20 Apparent from AI-Daiwa's failure to perform while the non-superseding clause confirmed that the
21 parties intended the substantive provisions of the Contract were not changed by the Addendum and did
22 apply to AI-Daiwa.

23     While Apparent contends that the Contract's enforcement provisions govern this action, it
24 waives the venue provision.  It does so in the interest of expediting a determination of this action
25 within this Court and system and does not waive any argument relating to the application of the

26
27
28

1  Contract to the enforcement of AI-Daiwa's performance other than the choice of venue.

## II.     CONCLUSION

Plaintiff's FAC states claims based on terms in the invoices rather than the Contract. As the Plaintiff concedes that the Contract applies to its performance, it admits that its demands premised on the invoices are legally defective. The FAC should be dismissed for failure to state a legally cognizable claim.

Dated:  February 4, 2014

Desouza Law Offices
A professional corporation

By:_____/s/_____
Jacqueline deSouza
Attorneys of Record for Defendants
Attorneys of Record for Defendants
Apparent Inc; Apparent Energy Inc;
Apparent Solar Inc; Xslent Energy
Technologies, LLC; Apparent Solar
Investments (II), LLC erroneously sued
herein as Apparent Solar Investment, LLC