**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AI-DAIWA, LTD.,** | Case No.: 13-CV-4156 YGR |
| **Plaintiff,** | **ORDER DENYING MOTION TO DISMISS AND MOTION TO FILE UNDER SEAL** |
| **vs.** | |
| **APPARENT, INC., ET AL.,** | |
| **Defendants.** | |

Plaintiff AI-Daiwa, Ltd. ("AI-Daiwa") brings this civil action against Defendants Apparent, Inc.; Apparent Energy Inc.; Apparent Solar, Inc.; Apparent Solar Investments, Inc.; Xslent, LLC; XslentEnergy Technologies, LLC; and Does 1-10 (together, "Apparent"), alleging that Defendants were obligated to remit payment for goods tendered by Plaintiff and failed to do so.  Plaintiff advances seven claims: (1) Breach of contract; (2) Intentional misrepresentation; (3) Negligent misrepresentation; (4) Declaratory Relief; (5) Quantum Meruit; (6) Goods and services sold and delivered against Defendants; (7) Account stated against Defendants.

Defendants have filed a Motion to Dismiss on the grounds that Plaintiff has failed to allege facts sufficient to state a claim for breach of contract.  (Dkt. No. 29 at 6.)[1]  In addition, Defendants have filed  an Administrative Motion to File Under Seal.  (Dkt. No. 30.)  Having carefully

---

[1] In their Motion, Defendants also argued that Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) because Plaintiff filed this action in an improper venue. (Dkt. No. 29 at 4-5.)  However, Defendants waived that argument in their Reply. (Dkt. No. 32 at 3.)

United States District Court
Northern District of California

considered the papers submitted and the pleadings in this action, for the reasons set forth below, the Court hereby **DENIES** the Motion to Dismiss and the Administrative Motion to File Under Seal.[2]

### 1.   LEGAL STANDARD ON MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary; the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. *Id.* at 94. Consequently, there is a strong presumption against dismissing an action for failure to state a claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). However, legally conclusory statements unsupported by actual factual allegations need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

### 2.   MOTION TO DISMISS

Plaintiff's first claim is for breach of contract. Plaintiff contends that the parties entered into an agreement for a sale of goods memorialized in a purchase order and invoices. (*See* Am. Compl. ¶ 9.) Plaintiff alleges that although it delivered, and Defendants accepted, several shipments of products, Defendants did not remit payment in full. (*Id.*) Additionally, Plaintiff alleges that in

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court found this motion appropriate for decision without oral argument.

reliance on the parties' agreement, it expended funds and materials for specially made goods that it cannot resell or repurpose.  (*Id*. at ¶ 11.)  According to Plaintiff, Defendants owe a balance of $443,622.76 for goods delivered and $6,271,009.62 for specially made goods and materials, plus interest.  (*Id*. at ¶¶ 18, 20.)

Defendants concede that a contract governs the parties' dealings.  (*See* Dkt. No. 29 at 2.)  However, Defendants argue that the terms of the controlling agreement are at variance with the terms alleged by Plaintiff.  (*Id*.)  The gravamen of Defendants' argument is that the allegations contained in the Amended Complaint pertaining to the obligations of the parties are incorrect as a matter of fact: that the parties did not (i) intend to be bound by a 1.5% interest term, or (ii) agree to a seven-day deadline for complaints concerning non-conforming goods.  (*See id*. at 6-7.)  That argument, however, turns on contract interpretation, the intention of the parties, and possibly an evaluation of extrinsic evidence.  Indeed, Defendants claim that the "conduct of the parties" supports their argument.  (*See* Dkt. No. 32 at 3.)  Such questions are ill-suited for resolution at this stage.

In considering a motion to dismiss, the Court takes all allegations of material fact as true and construes them in the light most favorable to the Plaintiff.  *See Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  Here, Plaintiff has alleged that the parties had an agreement, memorialized in purchase orders and invoices, that governed their dealings, that Plaintiff performed, and that Defendants' breach resulted in Plaintiff's damages.  Those allegations are sufficient to state a claim for breach of contract.  The question of whether Plaintiff and Defendant actually agreed to be bound by the terms set forth by Plaintiff is a factual dispute that will be developed later in this action.  Indeed, the parties' briefs on the instant motion provide a preview of the factual arguments to come.  Defendant has not met its burden to show that Plaintiff has failed to state a cause of action for breach of contract.

Accordingly, Defendants' Motion to Dismiss is **DENIED**.

**3.   ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

In conjunction with their Motion to Dismiss, Defendants also filed an Administrative Motion to File Redacted Documents and Documents Under Seal.  (Dkt. No. 30.)  In their Motion, Defendants ask that the Court allow filing under seal of a Customer Supply Chain Agreement ("Contract") (*id*. at

United States District Court
Northern District of California

Ex. A), a Purchase Order (*id.* at Ex. B), and an Addendum to the Contract and Purchase Order ("Addendum") (*id.* at Ex. C). Defendants claim that these documents contain confidential and proprietary pricing, ordering, payment, and technical details relating to testing and quality standards all associated with manufacturing of Apparent's proprietary solar energy micro-inverter. (Dkt. No. 30 at 2.) In addition, Defendants seek an order requiring Plaintiff to refile redacted versions of exhibits to the Complaint and Amended Complaint to conceal similar information. (*Id.*)

The Court has reviewed Defendants' filings, both those under seal and the redacted forms, and hereby denies Defendants' Motion. Defendants attached five exhibits to their Motion, apparently purporting to reflect the documents Defendants would like filed under seal (Dkt. No. 30, Ex. D) and the corresponding redacted versions of those same documents (*id.* at Exs. A, B, C). However, in comparing the two versions of Defendants' documents, the redacted versions of the documents are missing entire pages. For example, in Defendants' redacted copy of the Contract, the document skips from page 4 to page 6; there is no page 5. (*See id.* at Ex. A.) Likewise, the redacted Contract skips from page 11 to page 19. (*Id.*) Defendants provide no explanation for why whole pages from the Contract are missing from their proposed redacted version.

In addition, Defendants' Motion fails to comply with this District's Local Rules. Local Rule 79-5 sets forth clear requirements for how information needs to be presented in an administrative motion to seal. Specifically, the Local Rule requires that redacted documents "shall prominently display the notation 'REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED,'" and that unredacted documents must "prominently display the notation 'UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.'" L.R. 79-5(d)(1)(C), (D). Defendants' Motion does not comply with these requirements.

Accordingly, for procedural and substantive reasons, the Court **DENIES** without prejudice Defendants' Administrative Motion to Seal.

### 4. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss and Administrative Motion to Seal are **DENIED**. Furthermore, the Court hereby schedules a status conference for **April 7, 2014,**

at 10:00 a.m. in the Ronald V. Dellums Federal Building, located at 1301 Clay Street, Oakland,

California, Courtroom 1.

    **IT IS SO ORDERED.**

Dated:  March 10, 2014

                               **YVONNE GONZALEZ ROGERS**
                               **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California