1 | CHI-HUNG A. CHAN (SBN 104289)
LAEL D. ANDARA (SBN 215416)
2 | MICHAEL D. KANACH (SBN 271215)
ROPERS, MAJESKI, KOHN & BENTLEY
3 | 1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
4 | Telephone:    (650) 364-8200
Facsimile:     (650) 780-1701
5 | Email:        cchan@rmkb.com
              landara@rmkb.com
6 |               mkanach@rmkb.com

7 | Attorneys for Plaintiff
AI-DAIWA, LTD.
8 |
JACQUELINE DESOUZA, (SBN 133686)
9 | DESOUZA LAW OFFICES, PC
1615 HOPKINS STREET
10 | BERKELEY, CA 94707
Tel: (510) 550-0010
11 | Fax: (510) 649-3420

12 | Attorneys for Defendants
APPARENT INC, APPARENT ENERGY INC.,
13 | APPARENT SOLAR INC., AND XSLENT
ENERGY TECHNOLOGIES, LLC; APPARENT
14 | SOLAR INVESTMENTS (II), LLC
ERRONEOUSLY SUED HEREIN AS APPARENT
15 | SOLAR INVESTMENTS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AI-DAIWA, LTD., <br><br>         Plaintiff, <br><br> v. <br><br> APPARENT, INC., a Delaware Corporation; APPARENT ENERGY, INC., a Delaware Corporation; APPARENT SOLAR, INC., a Delaware Corporation; APPARENT SOLAR INVESTMENTS, LLC, a Hawaii limited liability company; XSLENT, LLC, a Delaware limited liability company; XSLENT ENERGY TECHNOLOGIES, LLC, a Delaware limited liability company; and DOES 1-10 inclusive, <br><br>         Defendants. <br><br> AND RELATED CROSS ACTION | CASE NO.  CV13-4156 YGR <br><br> **STIPULATION AND [PROPOSED] ORDER CONCERNING DUTIES AND INSTRUCTIONS FOR COURT-APPOINTED TECHNICAL EXPERT** |

RC1/7417529.1/MK6

- 1 -

**[PROPOSED] ORDER RE COURT-APPOINTED TECHNICAL EXPERT**
**CV13-4156 YGR**

## I.

## INTRODUCTION

At a Case Management Conference, held on April 7, 2014, the Honorable Yvonne Gonzalez Rogers ordered the parties to meet and confer to provide recommendations for (1) an expert to serve as a technical expert related to the solar power microgrid inverters or "MGi devices" (the "Products-at-Issue"), and (2) protocols and procedures for the expert's opinion related to the Products-at-Issue, including their design, manufacturing, and testing.

## II.

## PROPOSED COURT EXPERT

The Parties propose selecting an expert from Exponent. The Parties have proposed possible experts to each other and require additional time to review the proposed experts, review for conflicts, and obtain client approval.

## III.

## STANDARDS

The Federal Rules of Evidence allow a court to appoint an expert either "on its own motion or on the motion of any party." Fed. R. Evid. 706(a). Rule 706(a) provides:

> The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection … A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.. . .The Court may authorize the disclosure to the jury that the court appointed the expert and this rule does not limit a party in calling its own experts.

## IV.

## PROPOSED ORDER OF APPOINTMENT

Based on the Parties consent at the April 7th Case Management Conference, the Court appoints an expert as a "Court Expert" under the following terms:

1. The Court Expert shall serve as a neutral, independent expert regarding the

following: (a) whether the MGi delivered by AI-Daiwa to Apparent met the specifications and testing the Parties agreed to under the Agreement at issue, the November 15, 2011 "Test Plan for Apparent System REV D," or any subsequently agreed-upon quality and testing standards; and, (b) Identify the extent and basis of the MGi failures that Defendants have attributed to manufacturing defects and AI-Daiwa has attributed to improper design, including selection of component(s).

2. The Court Expert's duties shall include the following: (a) to develop, with input from both parties, a process to complete the steps identified in paragraph 1; (b) conduct testing to complete the steps identified in paragraph 1; (c) to prepare a report to document the testing procedure, the tests performed, and the results of the tests; (d) submit to deposition and provide testimony at court; (e) provide a basic tutorial to the Court and the jury on the underlying technology at issue in the case related to the Products-at-Issue; (f) to provide a tutorial, expert analysis and opinions as to the operation of the Products-at-Issue; and (g) to provide expert analysis and opinions as to the technical issues in this case regarding the operability of the Products-at-Issue.

3. The Parties will provide the Court Expert with Materials as described in paragraph 4 as the Court Expert may require for the use in forming his/her opinions. The materials will be provided to the Court Expert within thirty (30) days of the entry of an order appointing him/her. Other materials will be provided on a rolling basis as they are required by the expert and/or become available during the course of the litigation. The Court Expert is not limited to these materials, and may request additional information that he/she believes is necessary.

4. Materials

a. The following Materials shall be provided to the Court Expert within thirty days of entry of an order appointing him/her:

(i) Apparent shall provide 10 samples of delivered MGi devices that do not operate and that were not previously used or sold by Apparent, or otherwise modified by Apparent; and 10 samples of MGi devices that failed in the field;

(ii) AI and AI-Daiwa shall provide 10 samples of MGi devices produced in the period 2011-2012 and have completed the required testing but have not been delivered to Apparent;

(ii) A Bill of Materials use for the manufacture of the MGi devices;

(iii) Specification sheets for manufacture of the MGi devices;

(iv) The Supply Chain Agreement, Addendum, and Quality and Testing Standards provided to AI and AI-Daiwa for the manufacture of the MGi devices;

5. The Parties shall meet and confer to determine what additional information to provide the Court Expert. If the Parties disagree about the propriety of providing a certain document or thing to the Court Expert, and the Parties cannot resolve the dispute through a meet and confer, the Parties will seek the Court's assistance, and neither party shall provide that document or thing to the Court Expert until and unless the Court has resolved the issue.

6. The Court Expert may look to the expert reports and the deposition transcripts of the Parties' experts for guidance as to what the experts and the Parties believe are the key issues to be address in this case. His/her conclusions are to be his/her own independent opinions.

7. The Court reserves the right to have informal verbal communications with the Technical Expert which are not included in any formal written report.

8. In determining the testing procedures, the Court Expert shall engage both Parties but shall retain his/her sole discretion as to how to proceed. All testing shall be videotaped and, subject to the Court Expert's consent, each Party shall be entitled to observe testing but not participate in any step, discussion, or procedure related to testing.

9. After concluding all testing and reviewing material submitted to him/her, the Court Expert will provide a written report describing the testing procedures, the results of the tests, and the expert's conclusions, a copy of which shall be provided to the Court and the Parties. The Court Expert's report should be sent to the Parties by express mail within 30 days of completing testing and reviewing all submitted material. Within twenty-one (21) days of the submission of the expert report, the Parties may ask the Court Expert to appear for a deposition at a time and location that is convenient. At the deposition, the Parties can ask the Court Expert questions, and

he/she will be given the opportunity to explain his/her opinions in greater detail prior to his/her testimony at trial. Each Party may depose the Court Expert for up to seven (7) hours.

10. **In the Court Expert's Report:**

- The Court Expert Report shall describe the test procedures, materials reviewed and relied upon, testing and test results, and identify and explain any conclusions reached by the Court Expert regarding
    - The existence of any defect in the manufactured MGi
    - The cause of any defect identified in the MGi
    - Whether the MGi was manufactured to Apparent's specifications
    - Whether the operability of any component on Apparent's Bill of Materials contributed to the defect or defects

11. The Court Expert will testify at trial on his/her opinions.

12. In order to accept this appointment, the Court Expert must give his/her consent to serve as the Court-appointed expert in this case and declare that he/she will adhere to the terms of his appointment, by signing below and returning the signed original to the Court in the enclosed envelope.

13. The Court Expert must also confirm that he/she has no conflicts of interest.

14. Upon the Court Expert's consent and the Court's appointment, the Parties will retain the Court Expert. The costs of the Court Expert shall be borne equally by AI-Daiwa, Apparent Inc, and Advanced Innovations. Within ten (10) days of the appointment, the Court Expert shall provide an estimate of the cost of this assignment and shall specify a retainer against which fees and costs shall be billed. The parties shall deposit their share of the costs of the Court Expert within 10 days of receipt of the retainer. The retainer shall be supplemented as designated by the Court Expert, subject to a Party's right to request that the Court review and adjust any fees and costs.

15. The Technical Expert shall report to the Court on a periodic basis, every sixty (60) days, regarding the state of his fees and expenses and make a recommendation to the Court as to

whether the trust account needs additional deposits from the parties as the case progresses. All matters pertaining to the fees of the Technical Expert are referred to the assigned Judge.

     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____4/9/2014_____ __/Lael D. Andara/_____
                                              Attorneys for Plaintiff

DATED: _____4/9/2014_____ __/Jacqueline deSouza_____
                                              Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

                                            _____
                                            Honorable Yvonne Gonzalez Rogers
                                            United States District Court Judge