1  CHI-HUNG A. CHAN (SBN 104289)
   LAEL D. ANDARA (SBN 215416)
2  MICHAEL D. KANACH (SBN 271215)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  1001 Marshall Street, Suite 500
   Redwood City, CA  94063-2052
4  Telephone:     (650) 364-8200
   Facsimile:     (650) 780-1701
5  Email:         cchan@rmkb.com
                  landara@rmkb.com
6                 mkanach@rmkb.com

7  Attorneys for Plaintiff
   AI-DAIWA, LTD.
8
   Jacqueline deSouza, State Bar No.: 133686
9  DESOUZA LAW OFFICES, PC
   1615 Hopkins Street
10 Berkeley, CA 94707
   Tel/Fax: (510) 649-3420
11
   Attorneys for Defendants
12 APPARENT INC, APPARENT ENERGY INC.,
   APPARENT SOLAR INC., AND XSLENT
13 ENERGY TECHNOLOGIES, LLC; APPARENT
   SOLAR INVESTMENTS (II), LLC
14 ERRONEOUSLY SUED HEREIN AS APPARENT
   SOLAR INVESTMENTS, LLC
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17

18 AI-DAIWA, LTD.,                          CASE NO.  CV13-4156 YGR

19             Plaintiff,                   **STIPULATED PROTECTIVE ORDER
                                            FOR LITIGATION INVOLVING HIGHLY
20     v.                                   SENSITIVE CONFIDENTIAL
                                            INFORMATION AND/OR TRADE
21 APPARENT, INC., a Delaware Corporation;  SECRETS AND SOURCE CODE**
   APPARENT ENERGY, INC., a Delaware
22 Corporation; APPARENT SOLAR, INC., a     **Judge: Honorable Yvonne Gonzalez Rogers**
   Delaware Corporation; APPARENT SOLAR
23 INVESTMENTS, LLC, a Hawaii limited
   liability company; XSLENT, LLC, a
24 Delaware limited liability company;
   XSLENT ENERGY TECHNOLOGIES,
25 LLC, a Delaware limited liability company;
   and DOES 1-10 inclusive,
26
              Defendants.
27

28 And, related counter claims.

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all parties have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order. Information subject to this Protective Order may be used only for the purposes of this litigation.

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.5, below, that **this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5** sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties acknowledge that this Stipulated Protective Order is not intended as a concession that any type or category of information is discoverable in this action.

The parties further acknowledge, as outlined in United States District Court Northern District of California – Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines"), that this Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout this matter.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## 2. DEFINITIONS

**2.1**  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2**  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.3**  <u>Counsel</u> (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4**  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.5**  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6**  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor, and (4) has no direct or monetary interest in the outcome of the litigation.

**2.7**  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> Information or <u>Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Confidential Items or Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

CODE," will be encrypted and a list will be maintained by the Receiving Party as to who has been provided access to the items or information, which list will be provided to the Producing Party within ten (10) days of its written request for such list.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Confidential Items or Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE," will be encrypted and a list will be maintained by the Receiving Party as to who has been provided access to the items or information, which list will be provided to the Producing Party within ten (10) days of its written request for such list. Any SOURCE CODE produced in this litigation will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until such time as designated otherwise by the Producing Party.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action and/or have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  In the event of a dispute as to the "public" status of information, the burden shall be on the Party challenging the designation to establish that information is in the public domain and/or was known to the Receiving Party prior to disclosure by the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) *for information in documentary form* (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains
protected material. If only a portion or portions of the material on a page qualifies for protection,
the Producing Party also must clearly identify the protected portion(s) (e.g., by making
appropriate markings in the margins) and must specify, for each portion, the level of protection
being asserted.

A Party or Non-Party that makes original documents or materials available for inspection
need not designate them for protection until after the inspecting Party has indicated which
material it would like copied and produced. During the inspection and before the designation, all
of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
copied and produced, the Producing Party must determine which documents, or portions thereof,
qualify for protection under this Order. Then, before producing the specified documents, the
Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE
CODE") to each page that contains Protected Material. If only a portion or portions of the
material on a page qualifies for protection, the Producing Party also must clearly identify the
protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for
each portion, the level of protection being asserted.

(b) *for testimony given in deposition or in other pretrial or trial proceedings*, that the
Designating Party identifies on the record, before the close of the deposition, hearing, or other
proceeding, all protected testimony and specify the level of protection being asserted. When it is
impractical to identify separately each portion of testimony that is entitled to protection and it
appears that substantial portions of the testimony may qualify for protection, the Designating
Party *may invoke on the record* (before the deposition, hearing, or other proceeding is concluded)
a right to have **up to 21 days** from the date the deposition is completed or from the date the
deponent or party reviews and corrects the transcript to identify the specific portions of the
testimony as to which protection is sought and to specify the level of protection being asserted.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Only those portions of the testimony that are appropriately designated for protection within the 21

2    days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a

3    Designating Party may specify, at the deposition or up to 21 days afterwards if that period is

4    properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

7    other proceeding to include Protected Material so that the other parties can ensure that only

8    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

9    (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

10   shall not in any way affect its designation as "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL

11   – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

12        Transcripts containing Protected Material shall have an obvious legend on the title page

13   that the transcript contains Protected Material, and the title page shall be followed by a list of all

14   pages (including line numbers as appropriate) that have been designated as Protected Material and

15   the level of protection being asserted by the Designating Party. The Designating Party shall

16   inform the court reporter of these requirements. Any transcript that is prepared before the

17   expiration of a 21-day period for designation shall be treated during that period as if it had been

18   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

19   otherwise agreed. After the expiration of that period, the transcript shall be treated only as

20   actually designated.

21        (c) *for information produced in some form other than documentary and for any other*

22   *tangible items*, that the Producing Party affix in a prominent place on the exterior of the container

23   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

24   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of

25   the information or item warrant protection, the Producing Party, to the extent practicable, shall

26   identify the protected portion(s) and specify the level of protection being asserted.  Source Code

27   will be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until produced

28   with a different designation.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. In the event a Designating Party inadvertently fails to designate qualified material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with the forgoing procedures, the Designating Party shall provide supplemental written notice designating the material under the appropriate confidentiality designation as soon as practicable.  Upon receipt of such supplemental written notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1     Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer**. The Challenging Party shall initiate the dispute resolution process (and in compliance with Civil L.R. 37-1) by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3      Judicial Intervention**. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Court may indicate a different procedure and the parties are required to follow the protocol set by the Court.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
**CV13-4156 YGR**

1    **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

2        7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

3    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

4    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

5    the categories of persons and under the conditions described in this Order. When the litigation has

6    been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

7    DISPOSITION).

8        Protected Material must be stored and maintained by a Receiving Party at a location and

9    in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

10   Subject to section 9, **data designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'**

11   **EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE,"** will be encrypted

12   and a list will be maintained by the Receiving Party as to who has been provided access to the

13   items or information, which list will be provided to the Producing Party within ten (10) days of its

14   written request for such list.

15       7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

16   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

17   information or item designated "CONFIDENTIAL" only to:

18       (a)      the Receiving Party's Outside Counsel of Record in this action, as well as

19   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

20   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

21   Bound" that is attached hereto as Exhibit A;

22       (b)      the officers, directors, and employees (including House Counsel) of the Receiving

23   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

24   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25       (c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is

26   reasonably necessary for this litigation and who have signed the "Acknowledgment and

27   _____

28   [2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

Ropers Majeski Kohn & Bentley
*A Professional Corporation*
*Redwood City*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  Agreement to Be Bound" (Exhibit A);

2        (d)      the court and its personnel;

3        (e)      court reporters and their staff, professional jury or trial consultants, and

4  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

5  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6        (f)      during their depositions, witnesses in the action to whom disclosure is reasonably

7  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

8  unless otherwise agreed by the Designating Party or ordered by the court**.** Pages of transcribed

9  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

10  bound by the court reporter and may not be disclosed to anyone except as permitted under this

11  Stipulated Protective Order.

12        (g)      the author or recipient of a document containing the information or a custodian or

13  other person who otherwise possessed or knew the information.

14        7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

15  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

16  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

18        (a)      the Receiving Party's Outside Counsel of Record in this action, as well as

19  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

20  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

21  Bound" that is attached hereto as Exhibit A;

22        (b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

23  this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

24  A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been

25  followed];

26        (c)      the court and its personnel;

27        (d)      court reporters and their staff, professional jury or trial consultants, and

28  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

1    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

2        (e)    the author or recipient of a document containing the information or a custodian or

3    other person who otherwise possessed or knew the information.

4        7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

6    CODE"

7        (a)    Unless otherwise ordered by the court or agreed to in writing by the Designating

8    Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

9    that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

10   "HIGHLY CONFIDENTIAL-SOURCE CODE" pursuant to paragraph 7.3(c) first must make a

11   written request to the Designating Party that (1) identifies the general categories of "HIGHLY

12   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE

13   CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

14   forth the full name of the Expert and the city and state of his or her primary residence, (3)

15   attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

16   identifies each person or entity from whom the Expert has received compensation or funding for

17   work in his or her areas of expertise or to whom the expert has provided professional services,

18   including in connection with a litigation, at any time during the preceding five years,[3] and (6)

19   identifies (by name and number of the case, filing date, and location of court) any litigation in

20   connection with which the Expert has offered expert testimony, including through a declaration,

21   report, or testimony at a deposition or trial, during the preceding five years.

22       (b)    A Party that makes a request and provides the information specified in the

23   preceding respective paragraphs may disclose the subject Protected Material to the identified

24   Expert unless, within 14 days of delivering the request, the Party receives a written objection

25   from the Designating Party. Any such objection must set forth in detail the grounds on which it is

26

27   [3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the
     Expert should provide whatever information the Expert believes can be disclosed without violating any
     confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with
28   the Designating Party regarding any such engagement.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

based.

        (c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

        In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

        Failure to object to a proposed outside Expert or consultant shall not preclude any party from later objecting to continued access by that outside Expert or consultant where facts suggest a basis for objecting could not have been discovered by the objecting party within the time for making timely objection. If a later objection is made, no further Protected Matter shall be disclosed to the designated outside Expert or consultant until the matter is resolved by the parties through the meet and confer process, by the Court, or the objecting Party withdraws its objection.

## 8.    PROSECUTION BAR

        Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the source code, technical specifications of Apparent's MGi220, testing

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

procedures or code, if any is demanded to be produced. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9. SOURCE CODE**

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed as set forth in sections 7.3 and 7.4.

(c) Any source code produced in discovery shall be made available for inspection pursuant to terms agreed to by the parties. If no agreement can be reached it shall be produced in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   (d)   The Receiving Party may request paper copies of limited portions of source code

2   that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

3   other papers, or for deposition or trial, but shall not request paper copies for the purposes of

4   reviewing the source code other than electronically as set forth in paragraph (c) in the first

5   instance. The Producing Party shall provide all such source code in paper form including bates

6   numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party

7   may challenge the amount of source code requested in hard copy form pursuant to the dispute

8   resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

9   "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

10   resolution.

11   (e)   The Receiving Party shall maintain a record of any individual who has inspected

12   any portion of the source code in electronic or paper form. The Receiving Party shall maintain all

13   paper copies of any printed portions of the source code in a secured, locked area. The Receiving

14   Party shall not create any electronic or other images of the paper copies and shall not convert any

15   of the information contained in the paper copies into any electronic format. The Receiving Party

16   shall only make additional paper copies if such additional copies are (1) necessary to prepare

17   court filings, pleadings, or other papers (including a testifying expert's expert report), (2)

18   necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving

19   Party shall provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL –

20   SOURCE CODE" information in a court filing, pleading, or expert report. Any paper copies used

21   during a deposition shall be retrieved by the Producing Party at the end of each day and must not

22   be given to or left with a court reporter or any other individual.

23

24   **10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

25   If a Party is served with a subpoena or a court order issued in other litigation that compels

26   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

27   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

28   SOURCE CODE" that Party must:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

(a)	promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)	promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)	cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"  before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.	A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)	The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)	In the event that a Party is required, by a valid discovery request, to produce a

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS
CV13-4156 YGR

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

### 13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. In particular, if a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing, identify the privileged material produced and the basis for withholding such material from production, and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The party asserting the privilege is not required to make a showing prior to the return of the designated material, other than as required by Federal Rules of Civil Procedure rule 26(b)(5). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  The recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006.

**The Receiving Party will return such inadvertently-produced item or items of information and destroy copies thereof within ten (10) days** of receiving a written request for the return of such item or items of information. The party having returned such inadvertently-produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

### 14.    MISCELLANEOUS

**14.1**    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS
CV13-4156 YGR

**14.2** <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.3** **Privilege Logs**. Counsel for a party may withhold documents from production as exempt from discovery because such documents are protected from disclosure under the attorney-client privilege or work product doctrine of Fed. R. Civ. P. 26(b), or any other applicable privilege or immunity. For documents so withheld, the party withholding the documents shall prepare a log consistent with Fed. R. Civ. P. 26(b)(5) identifying each document withheld, the protection claimed, and the basis for the protection which shall be produced within fourteen (14) days of on the date responses to Request for Production are required by Fed. R. Civ. P. 34

**14.4** <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

**14.5** <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**14.6**    This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**14.7**    The party or parties receiving Protected Material shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Material or any information contained therein.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

/ / /

/ / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____4/9/2014_____   ____/Lael D. Andara/_____
                                      Attorneys for Plaintiff


DATED: _____4/9/2014_____   ____/Jacqueline deSouza_____
                                      Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: April 30, 2014

                                      Judge _____ District of California

IT IS SO ORDERED

Judge Vince Chhabria

RC1/7417263.1/RS

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS
CV13-4156 YGR

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare *under penalty of perjury* that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for

6

the Northern District of California on [date] in the case of *AI-Daiwa LTD. v. Apparent Inc., et al.*,

7

Case No. 13CV4156YGR.

8

I agree to comply with and to be bound by all the terms of this Stipulated Protective

9

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

10

and punishment in the nature of contempt.

11

I solemnly promise that I will not disclose in any manner any information or item that is

12

subject to this Stipulated Protective Order to any person or entity except in strict compliance with

13

the provisions of this Order.

14

I further agree to submit to the jurisdiction of the United States District Court for the

15

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16

Order, even if such enforcement proceedings occur after termination of this action.

17

I hereby appoint _____ [print or type full name] of

18

_____ [print or type full address and telephone

19

number] as my California agent for service of process in connection with this action or any

20

proceedings related to enforcement of this Stipulated Protective Order.

21



22

Date:    _____, _____, 20___

23

Sworn and Signed in City_____
and State_____

24

25

Printed name: _____
        [*printed name*]

26

Signature: _____
        [*signature*]

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE SECRETS
CV13-4156 YGR**