CHI-HUNG A. CHAN (SBN 104289)
*cchan@RMKB.com*
LAEL D. ANDARA (SBN 215416)
*landara@RMKB.com*
MICHAEL D. KANACH (SBN 271215)
mkanach@RMKB.com

ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:     (650) 364-8200
Facsimile:     (650) 780-1701

***Attorneys for Plaintiff,***
AI-Daiwa LTD.

JACQUELINE DESOUZA, (SBN 133686)
DESOUZA LAW OFFICES, PC
1615 Hopkins Street
Berkeley, CA 94707
Tel/Fax: (510) 649-3420

***Attorney for Defendants,***
Apparent Inc, Apparent Energy Inc.,
Apparent Solar Inc., Xslent Energy
Technologies, LLC and Apparent Solar
Investments (II), LLC erroneously sued
herein as Apparent Solar Investments, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| AI-DAIWA, LTD.,<br><br>                              Plaintiff,<br><br>*v.*<br><br>APPARENT, INC., a Delaware corporation;<br>APPARENT ENERGY, INC., a Delaware<br>Corporation; APPARENT SOLAR<br>INVESTMENTS, LLC, a Hawaii limited liability<br>company; XSLENT, LLC, a Delaware limited<br>liability company; XSLENT ENERGY<br>TECHNOLOGIES, LLC, a Delaware limited<br>liability company,<br><br>                              *Defendants*. | Case No. 13-CV-04156YGR<br><br>**STIPULATED REQUEST FOR ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Judge: Honorable Yvonne Gonzalez Rogers |

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

RC1/7417736.1/MK6

Pursuant to Rule 26(f)(3)(C) of the Federal Rules of Civil Procedure, Plaintiff AI-Daiwa, Ltd. ("AI-Daiwa" or "Plaintiff") and Defendants Apparent Inc., Apparent Energy, Inc., Apparent Solar Inc., and Xslent Energy Technologies, LLC, Apparent Solar Investments (II), LLC erroneously sued herein as Apparent Solar Investments, LLC (collectively "Apparent" or "Defendants"), by and through their undersigned counsel, hereby stipulate and agree, subject to Court approval, to the following terms governing discovery of electronically stored information ("ESI") in this case:

**1.      PURPOSE**

This Stipulated Order will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. The parties desire to control and focus the production of ESI to the needs of the case to promote a "just, speedy, and inexpensive determination" of this action, as required by Fed. R. Civ. Proc. 1.

Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata.  However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

**2.      COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.  A party's meaningful compliance with this stipulation and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

**3.      LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

STIPULATED REQUEST FOR ORDER GOVERNING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION - CV13-4156 YGR

the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.     PRESERVATION**

The parties have discussed their preservation obligations and needs, and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)     Only ESI created or received between, January 1, 2011, to the filing of this action on October 8, 2013, will be preserved;

b)     The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "expert," and "marketing manager." The parties shall add or remove custodians as reasonably necessary; and

c)     The parties have agreed that the number of custodians per party for whom ESI will be preserved will be ten (10) per party.

**5.     SEARCH TERMS**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about appropriate search terms to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6.     PRODUCTION FORMATS**

The parties agree pursuant to Fed. R. Civ. P. 34 (b)(2)(E)(i) that the presumption is that data will be produced in native format ( i.e., the same form it is used or kept in the normal course of business) and pursuant to Fed. R. Civ. P. 1 to use commercially reasonable efforts to produce the information electronically consistent with Fed. R. Civ. P. 1, unless the data is maintained in a proprietary application wherein the information will be produced in PDF if possible, as set forth below.  If a file can be produced and reviewed in native format (including emails and all

STIPULATED REQUEST FOR ORDER GOVERNING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION - CV13-4156 YGR

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Microsoft Office documents), then it will be produced in native format.  The parties will not scrub all the metadata from a file and produce it as a TIFF image.  The parties further agree that emails, spreadsheets, videos, animations, audio files, and presentations that include video, animation, or audio shall be produced where practical in native format. To the extent that videos, animations, audio files, and presentations that include video, animation, or audio cannot be rendered or viewed without the use of proprietary software, the producing party's counsel shall make the document available for review at their offices by the receiving party's counsel.  A PDF of the file will be provided, if possible.  The receiving party may request a copy in a format designated and shall be responsible for the costs associated with such production.

ESI will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order used in this litigation and shall be provided with the following information:

- **Unitization** (including the production number of the first and last page of each file) If a file such as a spreadsheet is produced in native format, the file will have a single bates number associated with it, even if the file is several pages long when printed or saved as a different format, such as PDF.  The printed file will have the associated bates number of the file with a dash followed by further numbers associated with the multiple pages of the printed file;

- **Attachments** (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);

- **Confidentiality** (including any designation pursuant to the Protective Order); and,

**Source information** (the identity of the custodian, or, if none, a generalized location). **System metadata** will be maintained and provided with the native files.  The following information will not be removed or scrubbed from the produced files: author, file size, file type, date created, date modified, title, sender ("from"), primary recipient ("to"), courtesy copy ("cc"), blind courtesy copy ("bcc"), subject, sent time/date, received time/date, last modification time,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/7417736.1/MK6

and read status.  It is not the intent of the parties to require this information to be listed separately or to ensure that this information exists for each file.

Paper documents amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs). Paper documents may be produced in black-and-white or color, but if a producing party intends to rely in any brief or hearing on an aspect of a document that requires review in color, the party shall produce that document in color. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order used in this litigation. If a party desires additional information about a particular paper document produced in this form the parties will meet and confer regarding the appropriate means to supply the additional information.

If a party identifies responsive documents or information in a form that cannot reasonably be produced in its native format or imaged, the producing party's counsel shall make the responsive document or information available at their offices for review by the receiving party's counsel. The receiving party's counsel shall identify any document or information that it requires to be reproduced and shall bear the cost of such reproduction.    To the extent the parties produce scanned PDFs of hard copies of documents exceeding a total of one-thousand (1,000) pages, the parties will meet and confer regarding sharing the costs and responsibilities of making the scanned PDFs text-searchable (e.g., OCR).

If a party learns of responsive documents or information that are not reasonably accessible, or if a party learns facts that cause the party to suspect that responsive documents or information are present in a location or form that is not reasonably accessible, that party shall inform the requesting party of the existence of such records or of the reasons for its suspicions that such records may exist. The parties shall then meet and confer regarding the appropriateness of producing or permitting inspection of such records, and of any appropriate cost sharing.  The parties agree not to degrade the searchability of documents as part of the document production process.

RC1/7417736.1/MK6

**STIPULATED REQUEST FOR ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - CV13-4156 YGR**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

7. **DOCUMENTS PROTECTED FROM DISCOVERY**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The parties agree that privileged or work-product-protected communication from or to trial counsel post-dating the filing of the complaint need not be placed on a privilege log.

8. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Request of the parties, subject to Court approval, or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____April 9, 2014_____          ___/Lael D. Andara/_____
                                        *Attorneys for Plaintiff,*
                                        AI-Daiwa LTD.

DATED: _____April 9, 2014_____          ___/Jacqueline deSouza/_____
                                        *Attorneys for Defendants,*
                                        Apparent Inc, Apparent Energy Inc., Apparent
                                        Solar Inc., and Xslent Energy Technologies,
                                        LLC, Apparent Solar Investment II, LLC
                                        erroneously sued herein as Apparent Solar
                                        Investments, LLC

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

The Parties' Stipulated Request for an Order Governing Discovery of Electronically Stored Information is adopted.

Dated: ___April 30___, 2014



IT IS SO ORDERED

Judge Vince Chhabria

- 6 -

RC1/7417736.1/MK6

STIPULATED REQUEST FOR ORDER GOVERNING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION - CV13-4156 YGR