1  CHI-HUNG A. CHAN (SBN 104289)
   LAEL D. ANDARA (SBN 215416)
2  MICHAEL D. KANACH (271215)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  1001 Marshall Street, Suite 500
   Redwood City, CA 94063-2052
4  Telephone:    (650) 364-8200
   Facsimile:    (650) 780-1701
5  Email:        cchan@rmkb.com
                 landara@rmkb.com
6
   Attorneys for Plaintiff
7  AI-DAIWA, LTD.

8  JACQUELINE DESOUZA, (SBN 133686)
   DESOUZA LAW OFFICES, PC
9  1615 HOPKINS STREET
   BERKELEY, CA 94707
10 Tel: (510) 550-0010
   Fax: (510) 649-3420
11
   Attorneys for Defendants
12 APPARENT INC, APPARENT ENERGY INC.,
   APPARENT SOLAR INC., AND XSLENT
13 ENERGY TECHNOLOGIES, LLC; APPARENT
   SOLAR INVESTMENTS (II), LLC
14 ERRONEOUSLY SUED HEREIN AS APPARENT
   SOLAR INVESTMENTS, LLC and
15 Counterclaimants Apparent Inc. and Apparent
   Energy Inc.

16                    UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18

19

| | |
|---|---|
| AI-DAIWA, LTD., | CASE NO. CV13-4156 VC |
| Plaintiff, | **STIPULATION AND [PROPOSED]** |
| v. | **ORDER TO EXTEND THE DATE FOR PRODUCTION TO THE COURT APPOINTED EXPERT** |
| APPARENT, INC., a Delaware Corporation; APPARENT ENERGY, INC., a Delaware Corporation; APPARENT SOLAR, INC., a Delaware Corporation; APPARENT SOLAR INVESTMENTS, LLC, a Hawaii limited liability company; XSLENT, LLC, a Delaware limited liability company; XSLENT ENERGY TECHNOLOGIES, LLC, a Delaware limited liability company; and DOES 1-10 inclusive, | |

|   |   |
|---|---|
| Defendants. | |
| AND RELATED CROSS ACTION | |

Pursuant to Local Rules 6-1, 6-2, and 7-12, Plaintiff AI-Daiwa, Ltd. (AI-Daiwa) and Defendants Apparent, Inc., Apparent Energy Inc., Apparent Solar Inc., Xslent Energy Technologies, LLC; Apparent Solar Investments (Ii), LLC erroneously sued herein as Apparent Solar Investments, LLC (collectively "Defendants") and Apparent Inc and Apparent Energy Inc (collectively Counterclaimants) (all collectively, the "Parties"), by and through their undersigned counsel, submit this Stipulated Joint Request to Continue the deadlines for production of documents and devices to the Court-Appointed Expert.

WHEREAS, the Court entered an Order on May 16, 2014, appointing Mark McNeely as the Court appointed expert and requiring certain documents and devices be produced to the expert – as set forth in the Order. (See Docket No. 54);

WHEREAS, immediately after the Order, the parties' counsel participated in a conference call with each other to discuss the next steps. That call was followed by a conference call with the Court-Appointed expert, Mr. McNeely. The parties agreed to a procedure for production of data to each other for review and the opportunity to object, if necessary, prior to the production of those documents to Mr. McNeely;

WHEREAS, Mr. McNeely was provided publicly available documents from the Court's docket, including the aforementioned Order (Docket No. 54), AI-Daiwa's First Amended Complaint (Docket No. 5), Defendants' Answer and Counterclaims (Docket No. 37), the Stipulation with Proposed Protective Order (Docket No. 42), and the Stipulation with Proposed ESI Order (Docket No. 44). Mr. McNeely signed Exhibit A to the Protective Order – Acknowledgement and Agreement to be Bound;

WHEREAS, when the May 16, 2014 Order was entered, no documents or devices had been produced in this litigation;

WHEREAS, since that time, the parties have worked diligently to collect and produce

information to the expert, subject to the safeguard referenced above.   On May 26, 2014, counsel for AI-Daiwa visited the manufacturing facilities in Heyuan, China.  On June 6, 2014, Apparent produced three CDs containing emails from three custodians (Stefan Matan, Frank Marrone, and Jacqueline DeSouza).  In a cover letter, Apparent informed AI Daiwa that production was delayed due to technical issues.  Apparent is also working on associating in new counsel, in part, to handle discovery matters and overcome technical issues that occurred with the recent production;

WHEREAS, to date, counsel for AI-Daiwa has received one potted device and one un-potted device and is awaiting an additional ten (10) units of MGi devices produced in the period 2011-2012 and have completed the required testing but have not been delivered to Apparent for production to the expert;

WHEREAS, Apparent has prepared and has ready for production ten (10) devices that do not operate and that were not previously used or sold by Apparent, or otherwise modified by Apparent; and ten (10) devices that failed in the field;

WHEREAS, the Parties are also working to review and approve the appropriate documentation that should be submitted to the Expert.  As set forth in the Order appointing Mr. McNeely as the Court-Appointed Expert, those documents include the bill of materials used for the manufacture of the devices; specification sheets for manufacture of the devices; the Supply Chain Agreement, Addendum, and quality and testing standards provided to AI-Daiwa for the manufacture of the devices; and additional information the Parties deem relevant. (Docket No. 54, Paragraphs III.B.3 and III.B.4.)

WHEREAS, the Parties agree to produce documents to the expert within sixty (60) days of the Court entering the [Proposed] Order attached to this Joint Stipulation to the Court.

WHEREAS, L.R. 6-1 permits the parties to stipulate in writing without a court order, "to enlarge or shorten the time in matters not required to be filed or lodged with the Court provided the change will not alter the date of any event or any deadline already fixed by Court order." N.D.C.A. Local Rule 6-1;

WHEREAS, the Parties are not aware of any date fixed by Court order that will be altered

by the Parties' stipulated request, absent the Court's execution of this [Proposed] Order;

WHEREAS, the requested extension will not otherwise alter the schedule of this case; and

WHEREAS, good cause exists to grant the Parties' Stipulated Joint Request.

**NOW THEREFORE, THE PARTIES STIPULATE AND JOINTLY REQUEST AN ORDER STATING:**

1. The Parties have sixty (60) days from the entry of the attached Order to produce the documents and devices set forth in Docket No. 54 to the Court-Appointed Expert Mark McNeely.

IT IS SO STIPULATED.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____6/20/2014_____   __/Lael D. Andara/_____
Attorneys for AI-Daiwa

DATED: _____6/20/2014_____   __/Jacqueline deSouza/_____
Attorneys for Defendants

**[Proposed] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: June 23, 2014



Hon.
United

*STIPULATION AND [PROPOSED] ORDER TO EXTEND THE DATE FOR PRODUCTION TO THE COURT APPOINTED EXPERT* - CV13-4156 VC

RC1/7508310.1/MK6

- 4 -