1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
For the Northern District of California

8                        UNITED STATES  DISTRICT COURT

9                          Northern District of California

10                           San Francisco Division

11   AI-DAIWA, LTD,                                No. C 13-04156 VC (LB)

12                  Plaintiff,
            v.                                     **ORDER RE DISCOVERY DISPUTE**
13                                                 **AT ECF NO. 72**
     APPARENT, INC., *et al.*,
14
                     Defendants.
15   _____/

16   APPARENT, INC., *et al.*,

17
                    Counter-claimants,
18          v.

19   AI-DAIWA, LTD, *et al.*,

20                   Counter-defendants.
     _____/
21

22                              **INTRODUCTION**

23        In this case involving Apparent's alleged breach of contract by failing to pay for products (solar

24   power microgrid inverters or "MGi devices") that it bought from AI-Daiwa, *see* Joint CMC

25   Statement, ECF No. 48 at 1,[1] the parties have discovery disputes about the timing of a deposition,

26   the disclosure of financial information, and the production of ESI.  *See* Joint Discovery Dispute

27   _____

28        [1]  Citations are to the electronic case file (ECF) with pin cites to the electronically-generated
     page numbers at the top of the page.

     ORDER
     C 13-04156 VC (LB)

1    Letter, ECF No. 72.  The court finds this matter suitable for determination without a hearing under

2    Civil Local Rule 7-1(b) and rules as follows.

3                                                **ANALYSIS**

4    **I. TIMING OF STEFAN MATAN'S DEPOSITION**

5        AI-Daiwa wanted the deposition on July 30, 2014.  *See id.*  Apparently the parties had problems

6    scheduling the deposition because Mr. Matan – Apparent's chief technology officer and an

7    important witness – was ill, and Apparent was securing new counsel.  *See id.*  Apparent now

8    commits to August 12, 2014.  *See id.*  This should solve the problem.  If it does not, and given

9    Apparent's new counsel's  previously-scheduled commitments during the weeks of July 12 and 28,

10   the court orders the parties to have a scheduling telephone call (as opposed to the usual exchange of

11   emails) during the week of August 4, 2014 with all participants who will be at the deposition.

12   Everyone must have their calendar available.  This will allow the parties to schedule the deposition.

13   If they cannot agree on a time for the call, it will be on August 5, 2014, at 5:00 p.m. PDT.  This time

14   will not interfere with any previously-scheduled court appearances, will not unduly inconvenience

15   anyone's vacation, and will permit the participation of anyone in Hong Kong (if that is important)

16   without any undue inconvenience given the time difference.

17   **II. APPARENT'S FINANCIAL DOCUMENTS**

18       AI-Daiwa seeks an order compelling Apparent to produce discovery responses relating to its

19   financial information, including "Ms. deSouza's ownership and compensation."  *See id.* at 3.  Ms.

20   deSouza is counsel of record in the case (although new counsel associated in on July 14, 2014).  *See*

21   *id.*; Stipulation, ECF No. 73 at 5.  She also is Apparent's corporate secretary and, according to AI-

22   Daiwa, an important percipient witness.  Joint Letter Brief, ECF No. 72 at 3.  *Id.*  AI-Daiwa cites

23   "RFPD No. 8 and RFA No. 2" as the discovery requests that Apparent has not responded to, but it

24   does not attach them or excerpt them in the letter brief.  *See* Joint Letter Brief, ECF No. 72 at 3.  AI-

25   Daiwa says that Apparent agreed to produce its tax returns for the year 2011 to 2013 during the

26   parties' recent meet-and-confer.  *Id.*  It argues that Apparent's counterclaims – specifically breach of

27   contract and fraud – put at issue its financial condition.  *Id.*  It also suggests (by its quotation from

28   *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 286 (C.D. Cal. 1998)) that the financial

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1    information is relevant to a punitive damages claim. *Id.* Finally, it suggests that the reality of

2    Apparent's financial condition is an important component of AI-Daiwa's analysis of the case and

3    may facilitate settlement. *Id.* at 3-4.

4        Apparent counters argues that its income in 2011 to 2013 is not relevant to any punitive award

5    rendered in 2015, particularly given that AI-Daiwa did not provide any product for it until 2012. *Id.*

6    at 4. To address AI-Daiwa's interest in settlement, it agreed to produce its corporate tax returns for

7    2013. *Id.* It argues that AI-Daiwa otherwise needs to establish (1) a compelling need for Apparent's

8    tax returns for 2011 and 2012 and for Ms. DeSouza's compensation and ownership interest and (2)

9    that it cannot obtain the information through other means. *Id.* Ms. deSouza's relationship with

10   Apparent can be established through her deposition testimony, and she has produced her

11   unprivileged files. *Id.* at 4-5. It says that AI-Daiwa argued at the meet-and-confer that her

12   financials are relevant to her credibility (an argument that AI-Daiwa does not reiterate in the joint

13   letter brief) but it cannot be the rule that any employee who testifies must disclose her compensation.

14   *Id.*

15       *First*, the court cannot tell what information AI-Daiwa requested beyond the items addressed in

16   the letter brief. If anything else is implicated, the court's joint letter brief process requires an

17   excerpt of the precise discovery request propounded by the party. *See* ECF No. 69-1 at 2-3, ¶ 6.

18       *Second*, as to Apparent, the court cannot see the relevance or the compelling need. While parties

19   can put their income at issue by their damages claims, AI-Daiwa has not said what it wants beyond

20   the tax returns, it did not say why it could not get the relevant financial information from other

21   sources (such as other financial statements or even specific schedules), and it did not discuss the

22   compelling needs test that applies to disclosure of federal tax returns. *See* William W. Schwarzer,

23   A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 11:1015

24   (The Rutter Group 2012) ("Rutter Guide"). On this record, Apparent's production of its 2013 tax

25   returns is sufficient. That being said, given the amount at stake in the litigation, the ability to protect

26   financial information by protective orders, and AI-Daiwa's saying that it needs the information to

27   evaluate the case for settlement, Apparent might consider whether it matters if it discloses the

28   information. The court will not order the information on this record, but as a practical case

UNITED STATES DISTRICT COURT
For the Northern District of California

management issue, perhaps Apparent can consider whether – given AI-Daiwa's characterization of the parties' agreement at the recent meet-and-confer – it wants to produce the information (or its equivalent) anyway rather than litigating the issue in a subsequent letter brief.

*Third*, as to Ms. deSouza, AI-Daiwa does not say what it wants specifically, why it needs it, and why it matters (beyond saying that Ms. deSouza is counsel for Apparent, an important percipient witness, and the corporate secretary). Whatever her position is, the court assumes it has been disclosed. Maybe she is an important percipient witness, but the case is about alleged defects in the products, and the court assumes her role would be about the contract, possibly the purchase orders, and subsequent discussions about the alleged breach. Perhaps her stake in the corporation is relevant to bias, but the court cannot tell why AI-Daiwa cannot get relevant information through the procedures Apparent offers (including Ms. deSouza's deposition and her disclosure of non-privileged files). Apparent cites authority that in a diversity case, California privacy law protects Ms. deSouza's financial information, but AI-Daiwa did not address this argument. *See* Rutter Guide §§ 1192-93 (discussing this point and citing Cal. Civ. Code § 3295 and the compelling interest test that applies to disclosure of private financial information). On this record, the court denies AI-Daiwa's motion.

## III. ESI ISSUES

AI-Daiwa cites seven problems with Apparent's ESI production: (1) self-collecting of ESI by custodians; (2) no privilege log; (3) non-native file production for files kept that way and missing metadata; (4) modification of some documents; (5) no production numbers; (6) no confidentiality designations; and (7) no use of a competent vendor. Joint Discovery Letter Brief, ECF No. 72 at 5. It wants an order compelling Apparent to hire a qualified vendor. *Id.*

Apparent agrees to (1) "re-produce all documents addressing the identification of the documents and produc[e] any redacted documents in hard copy," (2) provide a privilege log; and (3) do these things by July 24, 2014. *Id.* at 5-6. Apparently the redactions are customer names and personal information. *See id.* at 6.

AI-Daiwa's arguments are broad and do not support (on this record) the potentially expensive outcome of a private vendor. Apparent also is addressing the problem of identifying the documents

UNITED STATES DISTRICT COURT
For the Northern District of California

and producing a privilege log.

That being said, generally documents should be produced electronically (not in hard copy), and native file production (or at least processed ESI that contains relevant metadata) is better than paper production. Apparent appears to be redacting private information (such as customer names) and that is fine, but information in spreadsheets can be collapsed to avoid disclosure. The court does not know the volume of the redacted information, and that can be relevant, too, to the appropriateness of hard-copy production. If the production is modest, then producing hard-copies may be less consequential (although perhaps everyone's interest are better served by an electronic, OCR'd production).

The other factor militating against a private vendor in the case is about product defects relating to products sold or ordered during the relatively short period from December 2011 to August 2012. The complaint alleges that the contract was negotiated in December 2012, product was shipped under six invoices dated from February 2012 to April 2012 totaling $669,023.60, and AI-Daiwa suspended shipments in August 2012. First Amended Complaint, ECF No. 5, ¶¶ 9-10 & Ex. A. There also may be communications and documents relating to AI-Daiwa's alleged preparation of additional products. *See* FAC ¶ 11. Thus, the document universe is fairly limited, even assuming end-user complaints. Overspending on discovery risks creating litigation costs that are out of proportion to the possible returns.

If the form of the latest document production does not allow AI-Daiwa adequate insight, then the parties must meet and confer, preferably in person and at least by telephone, and they must include their technical people (including in-house IT people who know how information is stored, how it can be produced, and how it can be redacted to meet privacy needs). If this does not solve any production issues, the parties may submit another letter brief, and the court will hold a case management conference. The letter brief should provide insight into the discovery at issue (e.g., contracts, customer lists, consumers, emails among these custodians about product defects) so that the court can better resolve any ESI issues.

ORDER
C 13-04156 VC (LB)

1

2                                          **CONCLUSION**

3          This disposes of ECF No. 72.

4          **IT IS SO ORDERED.**

5    Dated: July 28, 2014                   _____
                                            LAUREL BEELER
6                                           United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
C 13-04156 VC (LB)