UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AI-DAIWA, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPARENT, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-04156-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**<br><br>Re: Dkt. No. 59 |

## INTRODUCTION

In December 2011, plaintiff AI-Daiwa and defendant Apparent entered into a contract under which AI-Daiwa would manufacture products, known as MGi devices, for Apparent. Apparent was the designer of the devices, but contracted with AI-Daiwa to produce them. AI-Daiwa sued, alleging Apparent had failed to pay for the products. Apparent filed a counterclaim against AI-Daiwa, and after receiving permission from the Court, filed an amended counterclaim in May 2014. Apparent's amended counterclaim asserts eight causes of action: (1) breach of contract; (2) breach of express and implied warranties; (3) breach of implied covenant of good faith and fair dealing; (4) fraud; (5) negligent misrepresentation; (6) unfair business practices; (7) unjust enrichment; and (8) declaratory relief. AI-Daiwa has filed a motion to dismiss the claims for fraud, negligent misrepresentation, breach of express warranty, and breach of implied covenant of good faith and fair dealing. The motion is granted in part and denied in part.

## DISCUSSION

**A. Fraud**

Apparent alleges two instances of fraud. First, Apparent claims there was fraud when, in December 2011, a company called Advanced Innovations, USA, LLC, (which had previously

contracted with Apparent to manufacture the devices) formed a joint venture with Daiwa, Ltd., to form an entity called AI-Daiwa, and convinced Apparent to transfer the Purchase Order for the production of the MGi devices from Advanced Innovations to AI-Daiwa. Apparent alleges that AI-Daiwa committed "promissory fraud," arguing that Robert O'Donnell, a director of AI-Daiwa, lied to Apparent about the joint venture's ability and intention to perform its obligations under the contract. However, while Apparent alleges O'Donnell's promises were "false when made," the counterclaims contain no allegations to support this conclusory statement. Apparent simply relies on alleged defects in the products as support for the notion that AI-Daiwa never intended to perform. More would be needed to plead a fraud claim, particularly considering that even though the product failure rate was allegedly higher than the contract allowed, most of the products worked as intended. Apparent has not alleged sufficient facts to convert this breach of contract claim into the tort of fraud. Apparent's fraud claim with respect to the purchase order transfer is dismissed with prejudice, because Apparent received an opportunity to amend the counterclaim after having received notice of its defects from AI-Daiwa's prior motion to dismiss.

Apparent also alleges that AI-Daiwa committed fraud by falsifying test results related to the performance of the MGi devices. According to its amended counterclaim, in November 2012, Apparent, concerned over the number of defective products it received in an earlier shipment, requested that AI-Daiwa re-test the products that were to be delivered in a December 2012 shipment, and that it do so using a testing protocol developed by Apparent. AI-Daiwa allegedly agreed to re-test the products so long as Apparent would agree to pay an inflated price for them. Apparent alleges that AI-Daiwa did not actually perform those tests, even though Robert O'Donnell and James Chong represented to Apparent that two AI-Daiwa staff, Felix Lau and Seamus Ennis, had performed the tests and the products had passed. Apparent alleges it relied on this representation and paid an inflated price for the December 2012 shipment. This sufficiently pleads a fraud claim, and puts AI-Daiwa on notice of the conduct alleged to be fraudulent.

Although AI-Daiwa argues in its briefs that it could not possibly have submitted fraudulent test results without Apparent knowing of it, that conclusion cannot be drawn from the allegations in the counterclaim itself, and therefore the argument is of no help to the Rule 12(b)(6) motion. AI-Daiwa's motion to dismiss this portion of the fraud claim is denied.

### B. Negligent misrepresentation

The parties agree that negligent misrepresentation is a form of fraud, and that under the facts as alleged in the amended counterclaim, Apparent's negligent misrepresentation claims should live or die with the fraud claims. Therefore, AI-Daiwa's motion to dismiss the negligent misrepresentation claim is granted with prejudice with respect to the alleged inducement to transfer the purchase order, and is denied with respect to the alleged falsification of test results.

### C. Breach of Express Warranty

AI-Daiwa moves to dismiss Apparent's breach of express warranty claim on the ground that Apparent failed to provide notice of the product defects within a reasonable time, as required by California Commercial Code § 2607(3)(A). However, Apparent alleges in its counterclaim that it discovered defects in the devices some time after April 2012, and it complained to AI-Daiwa of multiple defects "in mid-2012." Any delay between "April 2012" and "mid-2012" cannot be deemed unreasonable per se, such that the claim should be dismissed at the pleading stage.

AI-Daiwa relies on a declaration provided by Dan Tran, an employee at Apparent, submitted in support of Apparent's motion to dismiss AI-Daiwa's First Amended Complaint. In this declaration, Tran stated: "I received the products on March 2, 2012. On July 27, 2012, in meetings with AI-Daiwa, I identified defects with 11 of the products shipped and began working with AI-Daiwa to implement corrective action." (Request for Judicial Notice, Exhibit 2). According to AI-Daiwa, this declaration suggests that Apparent waited four months from learning of the defect before it notified AI-Daiwa. Citing to *Ice Bowl v. Spalding Sales Corp.*, 56

Cal.App.2d 918 (1943), AI-Daiwa argues that a four month gap between discovering a defect and providing notice is unreasonable as a matter of law. But even if it would be appropriate to use a declaration of a party witness to defeat the allegations in that party's own counterclaim for purposes of a Rule 12(b)(6) motion, the declaration does not speak to when Tran first discovered the defect, as opposed to simply receiving the products. For that matter, the declaration does not speak to when Tran initially identified the defects to AI-Daiwa; it merely describes a July meeting without specifying whether that was the first communication between the parties about the defects. Furthermore, *Ice Bowl,* a case from 1945 concerning ice skates, did not hold that a four month delay is unreasonable as a matter of law. Therefore, AI-Daiwa's motion to dismiss the breach of express warranty claim is denied.[1]

### D. Breach of Implied Covenant of Good Faith and Fair Dealing

AI-Daiwa has moved to dismiss the breach of implied covenant of good faith and fair dealing claim, arguing that Apparent has not sufficiently alleged that AI-Daiwa consciously intended to frustrate the purposes of the contract. To the extent the Court is allowing Apparent's fraud claim to go forward, the Court also allows Apparent's breach of implied covenant of good faith and fair dealing claim to go forward, for the same reasons. Apparent has also alleged that AI-Daiwa breached the covenant of good faith and fair dealing because AI-Daiwa "engaged in conduct with putative customers to interfere with Apparent Inc's business opportunities." (¶32 at 16:1-7). But Apparent alleged no facts in its counterclaim to support this conclusory allegation. And since Apparent has already been given one opportunity to amend its counterclaim, the breach

---

[1] In its Reply brief, AI-Daiwa raises, for the first time, a contract provision that appears to have required Apparent to provide notice within ten days of receiving a product if the product was not acceptable. But because it is unclear the extent to which this provision applies, and because Apparent has not had a chance to respond to AI-Daiwa's argument, the Court finds that this contract provision is not sufficient grounds at this point to prevent Apparent's breach of express warranty claim from going forward.

4

of implied covenant of good faith and fair dealing claim, as it relates to AI-Daiwa's alleged interference with Apparent's business opportunities, is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 15, 2014


_____
VINCE CHHABRIA
United States District Judge