UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AI-DAIWA, LTD.,<br>   Plaintiff,<br><br>  v.<br><br>APPARENT, INC., et al.,<br>   Defendants. | Case No. 13-cv-04156-VC<br><br>**ORDER GRANTING IN PART MOTION TO DISQUALIFY COUNSEL**<br><br>Re: Dkt. No. 113 |

  AI-Daiwa and Apparent are embroiled in what is primarily a contract dispute about products that AI-Daiwa delivered to Apparent. Everyone seems to agree the products were defective; the question is whether they were defective because of the design specifications provided by Apparent, or because of a failure by AI-Daiwa to meet those specifications.

  Apparent is represented in this litigation by Jaqueline deSouza. She is a corporate officer of Apparent, was involved in contract negotiations with AI-Daiwa, and was involved in negotiations with AI-Daiwa about how to resolve the dispute about the defective products. There is little doubt deSouza will be a necessary witness at trial; indeed, in motion practice she has already submitted her own testimony about what happened in this case. Apparent was previously represented by co-counsel (the law firm of Parton Sell Rhoades), but co-counsel has withdrawn, raising the prospect that deSouza will serve as sole counsel at trial. AI-Daiwa has moved to disqualify her on the ground that she will be required to give testimony at trial and therefore should not be acting as trial counsel.

  After holding a hearing and after reviewing the papers filed by the parties, including the supplemental briefs filed the day after the hearing, the Court grants in part the motion to disqualify deSouza. However, after reviewing the supplemental briefs, the terms of the disqualification

1    differ somewhat from the tentative ruling the Court articulated from the bench.

2        It is plainly a problem for deSouza to serve as trial counsel for Apparent given her likely
3    testimony and her overall involvement in the contract dispute.  *See* Model Rules of Prof'l Conduct
4    R. 3.7; *see also Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1209 (affirming trial court's
5    disqualification of attorney because "it is a virtual certainty that his testimony as a witness . . . will
6    be necessary").  On the other hand, deSouza's outright disqualification would have a significant
7    adverse impact on Apparent, because her work thus far would be a sunk cost for Apparent, and a
8    new lawyer would need to get up to speed on complicated technical matters (that will be the
9    subject of expert testimony) relating to the cause of the product defects.  Given these competing
10   concerns, as the Court explained at the hearing, the ideal solution would be to find a way to allow
11   deSouza to continue representing Apparent through trial while minimizing the risk that her
12   personal involvement in the dispute would infect the trial process.  Accordingly, the Court
13   proposed the following solution at the hearing: deSouza would not be disqualified, but Apparent
14   would be required to hire co-counsel for purposes of the trial only.  Co-counsel would obviously
15   handle deSouza's testimony, and likely would also be required to handle the testimony of any
16   other witnesses who would testify about matters in which deSouza was personally involved (for
17   example, deSouza would not be allowed to cross-examine witnesses about conversations in which
18   she participated).  This proposal would leave deSouza free to give the opening statement and the
19   closing argument (so long as she didn't inject her own testimony into those phases of the trial), and
20   to handle any witnesses who would testify about matters in which deSouza was not personally
21   involved.  This includes handling the testimony of expert witnesses, who will likely be the most
22   important witnesses in the case given the primary question presented, and whose examinations and
23   cross-examinations require the most preparation.  Under this proposed approach, the parties would
24   confer before the pretrial conference about which witnesses deSouza could handle at trial, and any
25   dispute would be resolved by the Court at the pretrial conference.

26       At the hearing, counsel for AI-Daiwa did not object to this approach.  But deSouza, on
27   behalf of Apparent, raised a number of objections, based primarily on a concern that requiring
28   Apparent to have two lawyers at trial would hinder the effectiveness of Apparent's trial

presentation. Most of these objections do not merit a response. One legitimate concern, however, was that the pretrial conference is scheduled to take place two weeks before trial, and if there are disputes about which witnesses deSouza should be allowed to handle, it would be difficult for Apparent's lawyers to wait until the pretrial conference to get that resolved. In light of this concern, the Court stated it would hold the pretrial conference a full month before the start of the trial.

Notwithstanding this, deSouza (on behalf of Apparent) stated that she refused to adhere to this approach. Accordingly, the Court has no choice but to grant the motion to disqualify her. However, after reviewing the supplemental briefs, the Court has determined that the disqualification will only be partial. First, deSouza is not disqualified from continuing to participate in pretrial litigation, including the pretrial conference. Accordingly, the case management dates that were in place before the hearing on the motion to disqualify *remain in place*, and the parties must proceed accordingly. Second, deSouza will only be disqualified from representing Apparent at trial if Apparent continues to refuse to have a second lawyer at trial to handle the witnesses who will testify to matters in which deSouza was personally involved. If Apparent decides to bring on a second lawyer to handle those witnesses, and if Apparent agrees that its lawyers will confer with opposing counsel before the pretrial conference in an attempt to identify the witnesses deSouza should not handle (so that if there is any dispute the Court may resolve it at the pretrial conference), deSouza will only be disqualified from handling those witnesses at trial. But if Apparent refuses to bring in a second lawyer to ensure the integrity of the trial process, deSouza will be fully disqualified from representing Apparent at trial.[1]

The trial date is continued 14 days, to November 2, 2015, so that there will be a full four weeks between the pretrial conference and the start of trial.

Apparent has ample notice that deSouza will be fully disqualified from participating in the trial if it does not bring in a second lawyer. Therefore, if Apparent does not bring in a second

---

[1] If it becomes clear at the pretrial conference that deSouza's testimony is unnecessary, the Court will lift the disqualification order. However, AI-Daiwa has made a strong showing in this motion that deSouza's testimony will be necessary, and deSouza has not submitted adequate evidence or explanation to rebut that showing.

3

lawyer and if deSouza is fully disqualified, that will not be a basis for continuing the trial date.

**IT IS SO ORDERED.**

Dated: April 10, 2015

_____
VINCE CHHABRIA
United States District Judge