CHI-HUNG A. CHAN (SBN 104289)
LAEL D. ANDARA (SBN 215416)
ENRIQUE MARINEZ (SBN 160956)
ARTHUR N. BORTZ (SBN 266124)
MARIE E. SOBIESKI (SBN 278008)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701
Email:   cchan@rmkb.com
         lael.andara@rmkb.com
         enrique.marinez@rmkb.com
         arthur.bortz@rmkb.com
         marie.sobieski@rmkb.com

Attorneys for Plaintiff and Counter-Defendant
AI-DAIWA, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AI-DAIWA, LTD.,<br><br>            Plaintiff,<br><br>     v.<br><br>APPARENT, INC., a Delaware Corporation; et al.,<br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 3:13-cv-04156-VC<br><br>**MOTION FOR SANCTIONS AGAINST COUNSEL FOR APPARENT, INC., APPARENT ENERGY, INC., APPARENT SOLAR INVESTMENTS (II), LLC., AND XSLENT ENERGY TECHNOLOGIES, LLC.**<br><br>Date:   September 24, 2015<br>Time:   10:00 a.m.<br>Ctrm:   4, 17th Floor<br><br>Complaint filed:   9/9/13<br>First Amended Complaint filed:   10/8/13<br>Counterclaim filed:   3/24/14 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 24, 2015 at 10 a.m., or as soon thereafter as the matter may be heard in Courtroom 4, 17th Floor of the United States District Court for the Northern District of California, the Honorable Judge Chhabria presiding, located at 450 Golden Gate Avenue, San Francisco, California. Plaintiff AI-Daiwa, Ltd. ("AI-Daiwa") will and hereby does move for an Order (a) sanctioning Defendants Apparent, Inc., Apparent Solar, Inc., Apparent Solar Investments (II), LLC, and XSLENT Energy Technologies, LLC (collectively, "Apparent") and their counsel, pursuant to the Court's inherent authority and the Rules of Civil Procedure; and (b) directing Apparent to pay AI-Daiwa's costs in the form of reasonable attorney's fees in connection with the above sanctions.

AI-Daiwa's Motion for Sanctions is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the Declaration of Lael D. Andara filed concurrently herewith, all matters of which the Court may take judicial notice, and such other arguments and evidence as may be presented before or at the hearing on AI-Daiwa's motion for sanctions.

# I.
# INTRODUCTION

On July 13, 2015, the Court ordered that that "Apparent must respond fully to the remaining requests for production by August 3, 2015." Doc. 149. More than a month after the close of discovery and nearly to the end of expert discovery, Apparent failed to produce the documents by the Court-Ordered date and continues to produce documents to AI-Daiwa that should have been produced at the outset of litigation. Further, Apparent failed to provide requested inverters for AI-Daiwa's expert review. Apparent objected to production of these devices while their own experts reviewed and relied on them, yet none of Apparent's expert reports evidence any review was actually performed. Apparent's contumacious behavior throughout this litigation continues to cause real prejudice and cost to AI-Daiwa, who must continually return to prior phases of this litigation. Apparent's behavior throughout has been to deny AI-Daiwa access to necessary and unquestionably discoverable materials.

## II.
## FACTUAL BACKGROUND

**A.  Request for Sanctions Against Counsel**

Apparent has failed to meet its discovery obligations, including an order by this Court, without substantial justification. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 948 (9th Cir. 1993). A party resisting sanctions must provide justifying explanations to persuade that "circumstances outside his control caused his transgressions." *Id.* at 949.

### 1.  Counsel Failed to Provide Court-Ordered Discovery By Court Deadline

On July 13, 2015, this Court ordered Apparent to produce information responsive to AI-Daiwa's discovery requests. Doc. 149. This information should have been included in Apparent's prior productions, but continued objections and refusal to produce resulted in a letter to the Court requesting judicial intervention. Doc. 143. The resultant Order directed Apparent to "respond fully" to twenty-four specific requests for production.[1] *Id.* No responsive documents were received on or before August 3, 2015. *Declaration of Arthur Bortz* at ¶3 ("Bortz Decl."). Responsive documents did not begin arriving until August 5, 2015, and counsel for AI-Daiwa was informed that "thousands" of additional documents would be forthcoming. *Id.* at ¶¶4-5, 10. Discovery closed on June 29, 2015, and expert discovery closes on August 14, 2015. Doc. 132. The parties are scheduled to conduct seven expert depositions in the week following the Court-ordered production. *Id.* at ¶3. Such delayed production is in violation of the Court's order, inflicts unnecessary, undue, and unreasonable burden on AI-Daiwa, and results in material avoidable prejudice.

#### a.  Ms. DeSouza's Misstatements Regarding Mailing Production

Ms. DeSouza informed counsel for AI-Daiwa on August 4, 2015 that the Court-ordered production of documents was *en route*: "Yes, I overnighted a packet yesterday and Kathryn [Barrett]'s office served the responses and additional materials." *Id.* at ¶4, Ex. A. However, the FedEx envelope containing production was not received from Ms. DeSouza until Wednesday,

---

[1] The Court ordered Apparent to "respond fully" by August 3, 2015 to the following requests: Requests for Production Nos. 17, 19, 22-23, 31-32, 34-35, 39-42, 45, 52, 53, 54, 55, and 57; Requests for the Production of Documents of Stefan Matan: 16, 34, 60, 62, 65, and 79.

1  August 5, 2015, and the tracking information did not corroborate Ms. Desouza's statements. *Id.* at

2  ¶¶5-6, Exs. B, C. While the portion of the mailing label printed by Ms. DeSouza shows an

3  August 3, 2015 date, the tracking information for the package indicates that it was not picked up

4  until 4:38PM on August 4, 2015. *Id.* Proof of Service signed by Ms. DeSouza states:

> I am readily familiar with my employer's business practices for collection and delivery of documents by express delivery. I served the documents listed above on the parties names [sic] above, by following ordinary business practices, placing true copies fo [sic] these documents in sealed and addressed envelope(s), with express mail postage pre-paid, for collection by FEDEX at a location maintained by FedEx. <u>In the usual course of business, envelopes deposited with FedEx are collected for express delivery, overnight as may be designated, on the day deposited</u>. (emphasis added)

10  *Id.* at ¶6, Ex. C. Further, Ms. DeSouza did not provide any clarification with the production as to

11  which of AI-Daiwa's Requests for Production the lone file was responsive to, as the drive

12  contained only a single 20GB SQL file. *Id.*

13        **b.**     **Ms. Barrett's Late Mailing**

14  Apparent's second production made after the Court-ordered date was equally problematic.

15  While Ms. DeSouza indicated that Ms. Barrett served the documents on August 3, 2015,

16  Ms. Barrett merely placed them in regular mail to AI-Daiwa's counsel on that date. *Id.* at ¶7. The

17  documents themselves were not received until Thursday, August 6, 2015. *Id.* Further objections to

18  the requests ordered by the Court were included with the document productions. *Id.* at ¶7, Ex. D.

19  For example, Apparent provides as part of the Supplemental Response to Request for Production

20  No. 53: "[…] Without waiving the foregoing objections, Apparent responds that it *will* produce

21  unprivileged responsive documents in its possession, custody or control." (emphasis added) *Id.* It

22  appears Apparent intends further productions.

23        **c.**     **Apparent Continues to Produce Documents After the Court's Deadline**

24  The above, were it the completion of Apparent's production, might not warrant the time

25  spent bringing this motion. Rather, Apparent's assertions that it would produce "thousands" more

26  documents and continued production during expert depositions has forced AI-Daiwa to act. *Bortz*

27  *Decl.* at ¶10. With seven expert depositions taking place the week of August 14, 2015,

28  culminating in the end of expert discovery, AI-Daiwa has had scant time to review newly

4834-4966-3782.2        - 3 -        **MOTION FOR SANCTIONS –**
**CASE NO. 3:13-CV-04156 VC**

produced documents and *no* time to review those documents Apparent holds in limbo.

### d. Documents Produced at Deposition

Apparent counsel has repeatedly provided documents at depositions that should have been included in prior productions. This has occurred twice, first at the deposition of Apparent witness Molly Bedard on June 22, 2015, and second at the deposition of Clayton Borzini on August 6, 2015. *Id.* at ¶¶8-9, Exs. E, F.

In both instances, counsel for Apparent provided documents at depositions. *Id.* Counsel for Apparent provided these papers with no formal Supplemental Production notice, Bates numbers, Proof of Service, or other documentation. *Id.* These documents were simply handed to AI-Daiwa counsel taking the deposition. While in both instances Ms. Barrett stated that Apparent previously produced the documents, the documents themselves bear no Bates labels and counsel has refused to provide the Bates designations for verification. [2] *Id.* In the case of the documents produced at Mr. Borzini's deposition, the documents were not produced until *after* the lunch hour, denying AI-Daiwa the opportunity to review them during that time. *Id.*

The Court's July 13, 2015 order for production specifically requires Apparent to "respond fully" by August 3, 2015. Doc. 149. Apparent neither responded fully, nor responded at all, by this deadline. Instead, Apparent claims to have mailed a portion of the production by the deadline (but did not), while also failing to properly mail another production, and states that it will "continue to produce documents" long after the close of discovery. AI-Daiwa must be prepared at every deposition for new documents which have direct bearing on the deponent and the case. Apparent's behavior cuts against the Court's order and materially prejudices AI-Daiwa.

### 2. Apparent's Refusal to Produce MGi220 Devices for Expert Evaluation

Immediately after the Court-appointed expert, Dr. John McNulty, completed his evaluation of various MGi220 inverters, AI-Daiwa requested to inspect those devices. *Declaration of Marie E. Sobieski*, at ¶3, Ex. A ("Sobieski Decl."). AI-Daiwa's expert,

---

[2] The document consist of a 59-page copy of handwritten notes (produced after the deposition of Molly Bedard) and a 27-page copy of handwritten notes (produced at the deposition of Clayton Borzini), making it nearly impossible to search for these documents in any document review database. AI-Daiwa has made diligent effort to locate each from Apparent's previous productions, but the documents were not found. Having conducted a reasonable review of the documents in the database, AI-Daiwa does not believe these documents were previously produced.

Dr. Devinder Grewal, sought to review Dr. McNulty's work and the MGi220s devices Dr. McNulty tested. *Id.* While Apparent initially agreed to produce these units, it quickly added limitations, first requesting clarification on what testing Dr. Grewal would perform, then requesting confirmation that Dr. Grewal would not perform destructive testing, and finally insisting Dr. Grewal's testing be supervised by Apparent's own experts. *Id.* at ¶4, Ex. B. Apparent asserted that its experts needed the devices maintained in their present condition they could review them, but simultaneously delayed producing them, claiming the devices were already with their experts. *Id.* at ¶6, Ex. D.

Apparent continued to resist producing the MGi220s reviewed by Dr. McNulty until past the close of expert discovery. *Id.* Upon review of Mr. John Cooper's expert report, it is clear that he did not review any MGi220 inverter devices, and particularly did not review the materials furnished to and returned to Apparent by Dr. McNulty. *Id.* at ¶9, Ex. G. Review of these materials would have provided additional information to AI-Daiwa's expert for his consideration in drafting and testifying about his own expert evaluation. *Id.* There is no valid explanation as to why Apparent refused to furnish these discoverable materials to AI-Daiwa. Having failed to do so, Apparent has materially prejudiced AI-Daiwa.

### B. Other Discovery Concerns

AI-Daiwa does not seek monetary sanctions for prior disputes, but believes they are important to revisit for the Court's consideration.

#### 1. Court-Ordered Deposition Dates

It was not until the Court Ordered date-certain for specific Apparent depositions that these depositions occurred.[3] *Bortz Decl.* at ¶11, Ex. G. Several depositions had to be noticed more than five times each prior to the Court's Order. *Id.*

#### 2. Apparent's Supplemental Disclosure After Close of Discovery

On June 11, 2015, Apparent added new witnesses in an Amended Supplemental Initial Disclosures. *Id.* at ¶16, Ex. L. These witnesses had not been substantively identified by Apparent

---

[3] On July 28, 2014, the Court Ordered the date for the deposition of Stefan Matan. Doc. 76. On May 12, 2015, the Court Ordered date-certain for the depositions Apparent witnesses Jacqueline deSouza, Dan Tran, Frank Marrone, and Peter Gish. Doc. 132.

1 and were named only after the deadline to conduct written discovery. This was after the last day
2 for AI-Daiwa to serve written discovery requests on Apparent, and near the close of discovery on
3 **June 29, 2015**.

### 3. Emergency Judicial Relief During Apparent Depositions

There have been at least two depositions of Apparent's witnesses in which counsel had to urgently request judicial intervention. In both, the Court directed Apparent's witness to respond to reasonable questions. *Id.* at ¶¶14-15, Exs. J, K.

### 4. Withholding of Dan Tran's Written Discovery

During the deposition of Apparent witness Dan Tran, Mr. Tran specifically referenced documents maintained on a shared drive maintained by the witness. These documents were provided to Apparent's expert, John Cooper, and referenced in his report. AI-Daiwa has been unable to ascertain if these documents were produced in the course of this litigation. These documents were clearly relevant to AI-Daiwa's written discovery requests and should have been provided at the outset of litigation. During deposition on August 13, 2015, Mr. Cooper did allow counsel for AI-Daiwa to copy documents provided by Apparent off of his personal computer.

AI-Daiwa reiterates that it is not seeking attorney's fees related to these issues. Rather, they are referenced to further demonstrate Apparent's pattern of conduct in withholding evidence, building to the current conflict between the parties.

## C. Request for Monetary Sanctions

AI-Daiwa is entitled to attorney's fees related to Apparent's sanctionable conduct. It is within a court's discretion to vindicate itself and compensate a victimized party by invoking the court's inherent power to sanction and requiring a bad-faith actor to pay for all of the victim's attorney's fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56-57 (1991) (affirming the district court's award of more than $996,000 in attorney's fees). For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous. *Mark Indus. v. Sea Captain's Choice*, 50 F.3d 730, 733 (9th Cir. 1995). Where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees. *Id.*

AI-Daiwa requests the repayment of reasonable attorney's fees to account for the delay caused by Apparent's willful and deliberate delaying tactics and obfuscations in the amount equivalent to approximately 40 hours of attorney work, approximately $20,000. This accounts for the partner billing rate of $485/hour and the associate billing rate of $385/hour. It does not include the paralegal billing rate of $195/hour for this file.

### D. **Apparent's Pattern of Behavior Causes Material Prejudice**

Mistakes happen, and things are overlooked only to be discovered later. However, as evidenced by deposition testimony of Apparent's witnesses, and the subsequent behavior of counsel, these incidents are no mere mistakes. They represent willful and deliberate actions by Apparent to keep out critical documents that should have been produced at the outset of litigation. There is no excuse for this behavior, particularly when counsel has already been repeatedly brought before the Court for such improper conduct.

AI-Daiwa has been forced to expend unnecessary legal costs as a result of Apparent's willful and purposeful delaying tactics and unprofessional conduct. AI-Daiwa has been forced into repeated unnecessary discovery disputes, culminating in a Court order requiring production on documents by August 3, 2015. As of the filing of this motion, more than a week after this date, Apparent shows contempt for this Court and continues to produce documents and claim "thousands" more may be produced. The parties are now just a few short months out from the start of trial, with discovery terminating August 14, 2015. Such inappropriate behavior materially jeopardizes AI-Daiwa's ability to proceed with litigation and causes irreparable prejudice. AI-Daiwa brings this Motion for Sanctions under the Federal Rules for Civil Procedure against Apparent and its counsel, and asks for damages proportional to time expended in counteracting Apparent's conduct.

///
///
///
///
///

### III.
### CONCLUSION

Based on the foregoing, AI-Daiwa respectfully requests that the Court grant its Motion for Sanctions.

Dated: August 13, 2015                         ROPERS, MAJESKI, KOHN & BENTLEY


By: */s/ Lael D. Andara*
    CHI-HUNG A. CHAN
    LAEL D. ANDARA
    ENRIQUE MARINEZ
    ARTHUR N. BORTZ
    MARIE E. SOBIESKI
    Attorneys for Plaintiff and Counter-Defendant AI-DAIWA, LTD.